ALEXANDER POPE *v.* HALL & HILDRETH.

The oath of the party cannot be received to prove the deposit of his baggage or other articles of value at an inn.

When proof *aliunde*, establishes the fact of the possession by the party of the articles alleged to have been stolen, and their deposit in the inn, and that the room had been entered by thieves, the declaration of *such* party at the instant of discovering the theft may be given in evidence as part of the *res gestæ*—not as proof of a deposit, but as a fact to be connected with other facts tending to prove the loss.

The inn-keeper will be liable for the necessary baggage of the traveler, his watch and personal apparel, and for money which he has about him for his personal use when stolen, notwithstanding a regulation of the inn requiring travelers to deposit certain articles of value in the safe at the office.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.

*A. G. Semmes,* for plaintiff. *Clarke & Bayne,* for defendants and appellants.

MERRICK, C. J. This suit has been brought against Messrs. *Hall & Hildreth,* the proprietors of the well known St. Charles Hotel, of this city, to recover of them three hundred and forty-five dollars, for a watch and chain and gold coin, alleged to have been stolen from the trunk of the plaintiff whilst lodging with the defendants as a traveler.

The case was tried without the intervention of a jury, and an elaborate examination of the law and facts by the learned Judge of the District Court, resulted in a judgment in favor of the plaintiff for $300, defendants have appealed.

The first question for our consideration, is presented by a bill of exception taken to the testimony of a witness (who lodged in the same room with plaintiff,) of the declarations made by him on the discovery of the theft or robbery. The particular statements objected to are, that " some person had entered his room and stolen his watch and pocket book," that " his belt and gold were gone," and " some one had been in the room and stolen his watch and pocket book."

In most of the common law States, we believe, the oath of the traveler is received with corroborating testimony to prove the contents of his trunk and loss, and in France the Judge has power, in a proper case, to order the oath to be deferred to the plaintiff.

Our law contains no such provisions, but on the contrary declares that no one interested in the event can be a witness in the cause. C. C. 2260.

The lawgiver has also had the particular case of travelers under consideration, and as he has declared the kind of proof necessary in order to *establish the deposit,* the courts cannot add other exceptions.

Art. 2940 is as follows: " the deposition on " (declaration under) " oath or affirmation of a single competent and credible witness as to deposit at inns, may be admitted as good proof even when the value of the thing so deposited exceeds five hundred dollars; but the Judge must admit this kind of proof in that case with circumspection according to the circumstances of the fact and the condition of the parties."

If the oath of the party cannot be received to prove the deposit, much less therefore can the unsworn declarations of the plaintiff be received for that purpose.

But where the proof *aliunde* establishes the fact of the possession by the plaintiff of the articles alleged to have been stolen, and their deposit in the inn, and that the room had been entered by a thief or thieves, we think the declaration

made by the party on the instant of the discovery of the theft or robbery may be given in evidence as part of the *res gestæ;* not as proof of the deposit, but as a fact to be connected with other facts tending to prove the loss. In this case it is suggested that the plaintiff might have secreted the watch and gold himself, and that it is dangerous to admit the declarations of the party in evidence. But the same objection might be made, if, in order to ascertain the loss, the trunk had been first examined by a stranger instead of the plaintiff himself The declarations were those made to a lodger in the same room on discovering that the door of the room had been opened and the watch was missing, and on a further examination, and discovering that the trunk had been opened, they were calculated to call the attention of the fellow traveler to the facts. As the declarations of the party were admissible as part of the *res gestæ,* for the purpose we have indicated, the Judge did not err in receiving them.

It is next objected that the character of the plaintiff and his friend, the witness, ought to have been shown. It is true, that the article of the Code which has been cited does contemplate proof of the condition of the parties, but we think in this case we have sufficient proof on that subject, drawn out on the cross interrogations of defendants.

Supposing the deposit and loss to be established, the defendants oppose these further objections to the plaintiff's right of recovery, viz :

1st. That the loss was occasioned by the negligence of plaintiff and his friend in not locking the door of their sleeping apartment, and

2d. That the plaintiff was notified by the regulations of the hotel, posted in the apartment occupied by plaintiff, and in other conspicuous places, that the proprietors would not be responsible for the loss of money, watches, &c., unless deposited in the safe at the office kept for that purpose.

I. On the first ground, the proof shows that the plaintiff and his traveling companion on retiring to their room on the night of the theft, applied at the office and obtained the key bearing the number of their room, (which was in an upper story of the house,) that on reaching the room it was found that the key would not unlock the door, the key not throwing the bolt back ; that they then reported to the office that the key would not unlock the door; that a porter was sent with a pass key, and he also tried in vain to unlock the door with the key furnished plaintiff; the room was then unlocked with the pass key, when it was found that the key handed plaintiff would *lock,* but not *unlock* the door; no other key was furnished the plaintiff, and as his companion objected to be locked up in a room which they had no means of unlocking in case of fire, it was left unlocked. The defendants were fully notified of the defect in the lock by the information communicated to the clerk, porter and chambermaid.

No reasonable man could be expected to shut himself up in an upper room in a large hotel without any means of egress, and become wholly dependent upon the casual presence of a servant outside to open the door. The neglect to lock the door is not a fault which can be imputed to the plaintiff. The key discovered the day after the theft explains the discrepancy between *J. A. Hildreth's* testimony and that of plaintiff's witness.

II. At the head of each stair-way a large card was posted, cautioning the boarders to beware of hotel thieves, and requesting them to deposit all money, jewelry, watches, plate, or other valuables, in the safe at the office, and notifying the guests, that the proprietors would not be responsible for any such articles stolen from the rooms.

The regulations of the hotel were posted in print in each of the rooms. Among other regulations, is stated that "money and articles of value may be deposited and a receipt taken, and no remuneration may be expected if lost when otherwise disposed of."

The defendents contend that the inn-keeper has the right to say where the property shall be kept as a sequence of his responsibility; that if he is to be held responsible as a custodian, he must be permitted to guard the property in his own way, and they derive this right to limit the responsibility from the Roman law, and cite the concluding paragraph to law 7. Dig., lib. 4, tit. 9, *De protestatione exercutoris*. It is as follows:

*Item si prædixerit, et unusquisque rectorum res suas servet, neque damnum se præstaturum, et consenserint vectores predictioni, non convenitur.*

It will be observed in the text cited, that the master of the ship limits his liability only by the actual consent of the passengers. In the present case, this right is claimed to the inn-keeper without such express consent of the traveler.

Without reviewing the cases, or entering into the prolix discussions which this question has given rise, to in France, England and the United States, it is sufficient to say, that we think the District Judge very correctly took a distinction between articles of value and those ordinarily worn, together with such small sums of money as are usually carried about the person. He says, in conclusion: "They (inn-keepers,) have no right to require a traveler to deliver up to them his necessary baggage, his watch, which adorns his person and is a part of his personal apparel, and the money which he has about him for his personal use. Such a regulation is contrary to law and reason. If he had large sums of money or valuables the rules might be different."

Under this view of the case, which we adopt, it is a matter of indifference whether the plaintiff did or did not read the notices posted in the hotel.

The traveler who arrives at the inn where he intends to lodge during the night, ought not to be required to part with his watch which may be necessary to him to regulate his rising, or to know when the time of departure of the morning train or boat has arrived. Neither ought he to be required to deposit with the inn-keeper such small sums of money as are usually carried by the majority of persons in the like condition in life visiting such hotel.

The inn-keeper should provide safe locks or fastenings to the rooms, and in default of the same, he must be held responsible for the loss of such articles of apparel and small sums of money as are usually carried or worn by the class of persons favoring the hotel with their patronage.

The estimate of the damage sustained by the plaintiff is justified by the proof.

Judgment affirmed.

Voorhies, J., absent.