COMMERCIAL INVESTMENT COMPANY v. JOHN M. PECK
ET AL.

FILED DECEMBER 22, 1897. No. 7517.

Payment of Mortgage Debt to Clerk of Court: FORECLOSURE. After
the commencement of an action to foreclose a real estate mortgage
for the entire debt, but before judgment, the mortgagors, in vaca-
tion, without an order of court or plea, deposited with the clerk of
the court the full amount of the mortgage debt and all costs. The
clerk embezzled the money and absconded. *Held*, That the clerk
did not receive the money by virtue of his office, but in his indi-
vidual capacity as the mere agent of the mortgagor, and that such
deposit of the money did not extinguish the mortgage. IRVINE
and RAGAN, CC., dissenting.

ERROR from the district court of Dawes county. Tried
below before BARTOW, J. *Reversed.*

*W. W. Wood* and *Stewart & Munger*, for plaintiff in
error.

*C. H. Bane* and *D. B. Jenckes*, contra.

NORVAL, J.

The action was to foreclose a real estate mortgage for
the entire amount of the debt. The mortgagors, after
the service of a summons upon them, in vacation, and
without the knowledge and consent of the mortgagee
or its attorney, paid to the clerk of the district court the
full amount due on the mortgage, and all costs. No
entry of such payment was entered by the clerk upon
the books of his office, nor did he pay the money to the
plaintiff or its attorney, but embezzled the same and
absconded. Subsequently a decree of foreclosure was
entered, the defendants being in default of an answer,
an order of sale was issued, and the mortgaged premises
were sold thereunder. Neither the plaintiff nor its at-
torney was apprised of the deposit with the clerk until
after the sale, when, for the first time, the defendants

ascertained that the clerk had embezzled the money, and that a decree of foreclosure had been entered in the cause.  At a term subsequent to the rendition of the decree, the court, on application of the defendants, vacated the decree and set aside the sale, which order is here for review.

We are unable to assent to the proposition that the clerk, by virtue of his office, was authorized to receive the money in this case, and that the payment thereof constituted a payment "into court" and extinguished the mortgage debt.  The legislature of this state has provided (Code of Civil Procedure, sec. 889): "The clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this code, by other statutes, and by the common law.  In the performance of his duties he shall be under the direction of his court."  The clerk of the district court of Dawes county did not receive the money under and by virtue of any order of the court below requiring the payment to be made, for the very obvious reason no such order was ever entered.  Moreover, the money was not received by the clerk during term time, or under such circumstances as to admit of an inference that the payment was made under the court's direction; but the clerk received the money in vacation and without the sanction of the court, either expressed or implied.  At common law, payment to the clerk in vacation during the pendency of an action, before judgment and without an order of court, of the amount due plaintiff, was not authorized, and no statutory enactment in this state can be found which empowers a clerk of the district court to receive money under the circumstances disclosed by this record.  The law did not constitute the clerk the agent of this plaintiff to receive the amount of its mortgage.  After judgment, a clerk of court may receive payment, even in the absence of any express statute upon the subject.  (*McDonald v. Atkins,* 13 Neb. 568; *Moore v. Boyer,* 52 Neb. 446.)  The authority

of a clerk of a court to receive payment of a judgment in his office existed at common law, and has been recognized by long usage. The official power of the clerk is circumscribed by the extent of his duties, and he ceases to act by virtue of his office whenever he steps beyond the boundary of his power. It was no part of the official duty of the clerk to receive the money from these mortgagors. He did not act officially, but in his individual capacity as the mere agent of those who entrusted him with the money. (*Durant v. Gabby*, 2 Met. [Ky.] 91; *Baker v. Hunt*, 1 Wend. [N. Y.] 103; *Currie v. Thomas*, 8 Porter [Ala.] 293; *Windom v. Coates*, 8 Ala. 285; *Ball v. Bank of State*, 8 Ala. 590; *Governor v. Read*, 38 Ala. 253; *Alexandria v. Saloy*, 14 La. Ann. 326; *Hammer v. Kaufman*, 39 Ill. 87.)

In *Mayzk v. M'Ewen*, 2 Bailey [S. Car.] 28, it was decided that where money is paid to a clerk of the court he receives it as the private agent of the party making the payment, unless accompanied by a plea of tender, or the deposit has been made in pursuance of an order of court to do so.

In *Keilh v. Smith*, 1 Swan [Tenn.] 92, it was ruled that money paid into court is unavailing as a tender if not made upon an order of court authorizing it to be done.

In *Hammer v. Kaufman*, 39 Ill. 87, it was held that a clerk of court is not, by virtue of his office, authorized to receive money as a deposit except by order of the court; that money paid to him without such order may be withdrawn by the depositor at any time before the other party has manifested a willingness to accept it, or the court has recognized it as a fund at its disposal, and that in case the money is lost by the clerk the one making the deposit must sustain the loss, instead of the person for whose benefit the money was received.

In *Levan v. Sternfeld*, 55 N. J. Law 41, it was decided that payment of money to a clerk of court after the commencement of an action and before judgment, without a rule, may be disregarded by the party for whom the same

was deposited.   Reed, J., in the course of his opinion, says: "Now, the money paid into court in this case, so far as the record shows, was not paid in under any rule. The clerk has no authority to receive money without a rule of court.   (1 Sellon, Practice sec. 18, p. 277; *Baker v. Hunt*, 1 Wend. [N. Y.] 103.)   The doctrine is obviously sound, therefore, which is said by Campbell in a note to *Rucker v. Palsgrave*, 1 Campbell [Eng.] 557, to have been laid down by Lord Ellenborough, that if, after action brought, the moneys sought to be recovered are paid without a rule of court, the plaintiff must have a verdict."

*Currie v. Thomas*, 8 Porter [Ala.] 293, was a suit upon a promissory note where the defendant pleaded that a prior suit had been brought on the same note, and that he had paid the full amount due thereon to the clerk of the court.   It was held that payment to the clerk did not prejudice the plaintiff.   The court in disposing of the question observed: "There are several stages in the proceedings of a case, in which the clerk of a court is by law authorized to be the holder of the moneys which may be paid into court.   Thus, on plea pleaded, when the cause of action is admitted to a partial extent, and denied as to the residue.   So in the case of a tender.   So, also, when money is paid into court in satisfaction of a judgment.   In all these cases, however, the money is presumed to be brought before the court, and as it can have no custody of money, it of necessity remains with the clerk, as the fiduciary of the court.   But independent of statutory enactments no case is remembered in which money can be lawfully paid to the clerk in vacation, or in any other manner than as the officer of the court in term time, and the receipt of which is always shown by some record of the court, or some proceeding yet on paper, but progressing to a record.   To permit this officer to receive demands which have not been reduced to judgment would bring about consequences of a most mischievous tendency, unless received at a time when he

is presumed to be under the immediate control of the court,—that is, in term time,—and then only in those cases where the performance becomes a duty imposed by the peculiar organization of the court."

After diligent search we have been unable to find a single authority which sustains the proposition that the deposit of the money with the clerk under the admitted facts disclosed by this record extinguished the indebtedness, or that plaintiff must look to the clerk for its money.

Section 856 of the Code of Civil Procedure declares that "whenever a petition shall be filed for the satisfaction or foreclosure of any mortgage, upon which there shall be due any interest or any portion or installment of the principal, and there shall be other portions or installments to become due subsequently, the petition shall be dismissed upon the defendant bringing into court, at any time before the decree of sale, the principal and interest due with costs." This section is not applicable here for more reasons than one. In the first place, the mortgage sought to be foreclosed herein is not embraced within the provisions of the law, since the whole indebtedness was past due, and no portion or installment could mature subsequent to the bringing of the suit. Again, the money was not paid "into court," but was deposited with the clerk, in vacation, without any rule or order of court permitting it to be done, and payment was not accompanied by an answer pleading the same. Under the authorities already alluded to, such order or plea was necessary to make the payment available. The clerk in receiving the deposit was the private agent of the mortgagors, and the loss must fall upon them. It follows that the court below erred in treating the mortgage debt as paid, and in vacating the decree of foreclosure and setting aside the sale. Decree reversed and action dismissed.

REVERSED AND DISMISSED.