E. W. REESE, ADMINISTRATOR OF THE ESTATE OF MEREDITH REESE, DECEASED, RESPONDENT, *v.* THE MORGAN SILVER MINING COMPANY, A CORPORATION, APPELLANT.

PERSONAL INJURIES IN A MINE — CONTRIBUTORY NEGLIGENCE — READING DEPOSITIONS OF WITNESSES ON FORMER TRIAL — INSTRUCTIONS TO JURY — CONCLUSION OF WITNESS.

1. *Reading Deposition of Witness on Former Trial.*

When it appears that a witness, sworn on a former trial, was out of the state at a second trial and could not be reached by subpoena, such testimony, when correctly transcribed, may be read in evidence on a subsequent trial, under sec. 3475, Rev. Stat. 1898.

2. *Jury Judges of the Facts.*

Where there is any testimony to support the findings of the jury, this court will not review the weight of the testimony.

3. *Contributory Negligence.*

When the testimony shows the deceased went down a ladder in a mine with his back to it, on a decline of 30 to 40 degrees, until a roller was reached, at which place the incline became nearly perpendicular, and that below the roller two rungs of the ladder were found broken out, and the ladder was found rotten and unsafe after the accident, and that deceased was last seen alive descending near the roller, *held*, that it was a question for the jury to determine whether or not the deceased was guilty of contributory negligence in descending the ladder, under all the facts and circumstances of the case.

4. *Hearsay and Cumulative Testimony.*

When the rotten condition of a ladder down the shaft of a mine is shown, and it was afterwards taken out of the hoisting works, and afterwards pointed out to plaintiff's witness, 4 days after the accident, by the defendant's shift boss, and the witness testified it was in a rotten condition, *held* that the

testimony was not improper as being hearsay, because the ladder had been fully identified, and the evidence tended to show the condition of the wood at that time; and that at most the testimony was cumulative.

5. *Conclusion of Witness.*

Testimony was given tending to show that deceased perfectly understood the ground where he was working, the nature of the incline and the character of the ladder. *Held*, that this testimony was properly stricken out as a conclusion of the witness, and not a statement of a fact.

6. *Charge of the Court.*

Where the charge of the court correctly covered the law as to what plaintiff's duty was, the fact that the instructions were not in the happiest language affords no ground for reversal.

Appeal from the third district court, Summit county, Hon. A. G. Norrell, *Judge.*

Action by E. W. Reese, administrator of the estate of Meredith Reese, deceased, against the Morgan Silver Mining Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Moyle, Zane & Costigan,* for appellant:

That the defendant was guilty of negligence, see *Butte* v. *Coal Co.*, 47 Pac. Rep. 77.

It is error to instruct the jury that what is contributory negligence in one may not be in another. See 11 Ency. Plead. 131.

If a machine or appliance wherewith, or place wherein the servant is put to work is unsafe, and that fact is open equally to the knowledge of the servant and the master, and there is no assurance from the master that the machine or appliance or place is safe, or no promise on the part of the master made to the servant, to remedy the machine, appliance or place, then the danger becomes

one of the ordinary risks of the particular line of work wherein the servant is engaged, an ordinary risk which the servant assumes, and for an injury resulting therefrom he cannot recover. *Dougherty* v. *West Superior I. & S. Co.* (Wis ), 60 N. W. 274; *Senior* v. *Ward,* 10 Morrison Mng. Rep. 651; *Diamond Plate Glass Co.* v. *Dehority,* 40 N. D. 681; *Southern Pacific* v. *Seley,* 152 U. S., 145; *Rooney* v. *S. & D. Cordage Co.,* 36 N. E., 789; *Writt* v. *Girard Lumber Co.,* 65 N. W. 173; *Malm* v. *Thelin,* 66 N. W. 650; *Clatt* v. *N. C. Foster Lumber Co.,* 66 N. W. 791; *Chicago, B. & Q. R. Co.* v. *McGinnis,* 68 N. W. 1057; *Nuss* v. *Rafsnyder* (Pa.), 35 Atl. 958; *Bonnet* v. *Galveston, H. & S. A. Ry. Co.,* 31 S. W. 523.

*Powers, Stroup & Lippman,* for respondent:

The question of negligence of the defendant and that of the deceased were for the jury. *Reese* v. *Morgan Silver Mining Co.,* 49 Pac. 824.

What has been said on said questions of negligence applies with equal force on the question of assumption of risk. *Reese* v. *Morgan S. M. Co., supra.*

The principles of law requested by appellant in (certain) requests (refused) were stated and restated (by the court in his charge). Surely the substance of law asked by appellant was given by the court in his charge. If so, appellant has no cause of complaint.

MINER, J.:

Plaintiff's decedent, while employed by the defendant as a laborer, was killed while descending a ladder into defendant's mine, and this action was brought to recover damages, because of the defendant's negligence in furnishing decedent dangerous, rotten, and unsafe ladder

upon which to descend into its mine to his work. This case came before this court on appeal from a judgment of non suit on a former trial, and the decision therein is reported in 15 Utah 453. Upon that hearing, based upon evidence reported in the case, we held that the question of the contributory negligence of the deceased was a question for the jury to pass upon, under all the facts and circumstances of the case.

Upon this trial, the testimony of Jones and Wilson, as given upon the former trial, was transcribed by the reporter, and, after a showing that it was correctly transcribed, and that the witnesses were out of the state and could not be reached by subpoena, the testimony was allowed and read in evidence for the plaintiff, under objection and exception by the defendant. We are satisfied that the showing was sufficient to justify the introduction of the transcript as evidence, under section 3475 Rev. Statutes 1898.

The testimony of Jones and Wilson, witnesses sworn on the part of plaintiff, was the same as on the former trial; and the testimony of witness Clark was substantially the same as on the former trial, except that he stated that it was unsafe to walk down the ladder in certain places, with his back to it.

Upon the first trial, the defendant offered no testimony, Upon this trial it introduced testimony tending to contradict that offered by plaintiff, and also offered evidence tending to show that it was negligent in the deceased to walk down the ladder with his back to it.

In our former opinion, reported in 15 Utah 453, we took occasion to make elaborate quotations from the testimony in the case, as it appeared on the part of the plaintiff, and we do not deem it necessary to reproduce it because of its similarity to the testimony offered upon

this trial, on the part of the plaintiff. It is clear to our minds that the testimony offered by the plaintiff tended to make out a prima facie case against the defendant.

The question of contributory negligence of the deceased, and whether or not, by the exercise of reasonable care and prudence, he might have avoided the consequences of defendant's negligence, if it was such, were questions of fact for the jury to determine, under all the facts and circumstances of the case. In our former opinion we took occasion to elaborate upon these questions, and that decision is conclusive here. It is true that in this case testimony was offered tending to show that the deceased was negligent in walking down the ladder, but, as we have seen, this was a question for the jury to determine, under all the facts in the case. The jury were the judges of the facts, the credibility of the witnesses, and the weight of the evidence. The plaintiff asserted one state of facts tending to establish a prima facie case. The defendant disputed plaintiff's case, and alleged contributory negligence. The jury found in favor of the plaintiff. Under such circumstances, no question for review, on the facts, arises in this court. This has been the repeated and uniform holding of this court.

The defendant took exception to the following instruction given to the jury: "If the jury believe, from the facts, that the deceased went down the ladder with his back towards it, it is for the jury to say whether or not there was negligence. One man might be able to descend a ladder with agility and safety with his back towards it, and that might be the only convenient and safe way he could descend it, while it might be dangerous and negligence for another man to make the descent in that manner. What might be ordinary care and prudence in one case, might, under different surroundings and cir-

cumstances, be gross negligence. The question of negligence, or the want of it, must depend, not upon one fact alone, but upon all the facts and circumstances in the case."

The testimony on the part of the plaintiff shows that the deceased started down the ladder with his back to it. The incline was 30 to 40 degrees until the roller was reached, and then it became nearly perpendicular. No rungs were out of the ladder before the deceased went down. One rung was found out of the ladder, and another hanging by a nail on one side, five or six feet below the roller, after the accident. The deceased was somewhere near the roller when he was last seen. The ladder was found rotten and unsafe after the accident, and the defendant had notice of its unsafe condition before the injury, and promised to repair it. No one knew whether deceased was descending the ladder with his back or face to it at the time he fell. When he reached the roller, and the steep descent, he may have turned and faced the ladder. There is no proof that he did not do so. There is proof that he could do so. The jury might have found that he did. The deceased was a young man, and an active, experienced miner, and had been employed in the mine a few days before the accident. No one knows the exact locality where he fell, except that it was somewhere near the roller, at which point the incline became nearly perpendicular. The ladder was found to be so rotten that the nails would not hold the rungs onto it. All the circumstances attending his descent, so far as could be seen, were given to the jury, and the question of his contributory negligence left for their determination, under all the facts and circumstances shown in the case. We find no error in this instruction. The law was

correctly given on this and other parts of the charge of the court upon that subject.

Defendant also excepts to the following instruction: "The defendant was bound to furnish a reasonably safe ladder upon which the deceased could, first using reasonable care, descend to his labors in safety. It could not be required, nor expected, that the deceased, in going up and down the ladder with a candle, to his work, should investigate and discover the condition as to safety, or otherwise, of the ladder; he was not employed for that purpose. Yet he was held bound to use his eyes, and to use reasonable care to avoid known dangers, and those which could be seen by the use of reasonable care. If he knew of the dangerous condition of the ladder, he should have used reasonable care, in proportion to the danger."

In the fore part of this portion of the charge, the word "hidden" is left out before the word "condition." Notwithstanding this, the court qualified the objectionable feature of the instruction. The jury were told that it was the duty of the deceased to use his eyes and reasonable care to avoid known dangers, and those which could be seen by the use of reasonable care; that if he knew the dangerous condition of the ladder, he should have used care in proportion to the danger.

The court also instructed the jury, in substance, that the burden of proof was on the plaintiff to prove to the satisfaction of the jury, by a preponderance of the evidence, that the ladder was not safe, that the deceased did not know it was unsafe, and could not have known it by the exercise of ordinary care, that deceased was killed by reason of the unsafe condition of the ladder, without fault on his part, and when he was taking due care for

his own safety; that the deceased assumed the risks incident to his employment, that if continued to work after knowing the defeceive condition of the ladder, plaintiff could not recover for the injury; that if deceased could have discovered the dangerous condition of the ladder by the use of ordinary care, if he was guilty of contributory negligence, or if, by the use of ordinary care, he could have avoided the consequences of the defendant's negligence, he could not recover.

The jury could not have been misled by these instructions, as a whole. These and other portions of the charge, as given to the jury, correctly covered the law as to what plaintiff's duty was.

Mr. Jones testified, in substance, under objection, that he informed the superintendent of the mine of the unsafe condition of the ladder, and that it should be repaired, several days before the accident, and that the superintendent told him he would see to it. This testimony was proper, as tending to show that the defendant had notice of the unsafe condition of the ladder, prior to the accident. Evidence was also offered tending to show that after the accident the ladder in the mine was taken outside of the hoisting works.

Nephi Reese, a witness, was called for the plaintiff, and testified that he came to the mine about four days after the accident, and that he saw the ladder on the top of the hoisting works; that Mr. Jones, the shift boss, pointed it out to him, and that it was rotten and in a bad condition.

This testimony was objected to, as hearsay, and that the witness did not know that it was the same ladder that came from the mine, except by hearsay. The court admitted the testimony, as tending to show the condition of the wood in the ladder. Testimony as to the rotten

condition of the wood in the ladder while in the mine, was given by several witnesses prior to the introduction of this testimony. The ladder was fairly identified. The evidence was cumulative, and no reversible error was committed in admitting it.

It was agreed that S. F. Snyder, a witness for the defendant, if present, would testify, subject to all legal objections, as follows: Deceased understood perfectly the ground where we were working, the nature of the incline and the character of the ladder. The court, on motion, struck out this testimony, as being a conclusion of the witness, and not a statement of a fact within his knowledge. The ruling of the court was correct.

Counsel for the defendant requested the court to instruct the jury to the effect that the plaintiff assumed the risk incident to his employment, and that it was the duty of the deceased to use reasonable care to avoid the injury. The court did not give the instruction in the language of counsel, but fully and correctly charged the jury on this subject. The court fully presented the law of the case to the jury, and the instructions were as favorable to the defendant as the law and facts would warrant. Upon the whole record, as presented, we find no reversible error.

The judgment of the court below is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.