BLAKE v. CUNEO et al.

No. 27996. Jan. 21, 1941.

Rehearing Denied March 25, 1941.

*111 P. 2d 485.*

534

W. A. Boyack and E. E. Blake, both of Oklahoma City, for plaintiff in error and intervener.

Nathan Scarritt and E. S. Champlin, both of Enid, for defendant in error Champlin Refining Company.

Everest & Halley, of Oklahoma City, for defendants in error Valentine G. Knoell and Katherine Knoell.

Roger Stephens, Fred L. Hoyt, and Frederick J. Hoyt, all of Oklahoma City, for defendant in error Louis J. Cuneo.

RILEY, J. This is a second appeal. Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. 2d 82.

By the law of the case Cuneo et al. are vested with a servient estate to cer-

tain land over which the St. Louis & S. F. Railway Company has an easement and upon which is located the railroad right of way. Cuneo et al. derived title from Mary J. McMeachan, who platted and sold block 23, Central Park addition to Oklahoma City.

After reversal Mary J. McMeachan intervened, but her pleading was stricken. She appeals, contending that Cuneo et al. did not plead an interest in land outside their lot lines, i. e., they did not seek a royalty interest represented by the right-of-way strip adjacent to their lot. The case-made, page 75, avers that "whatever rights, if any, the said Mc-Meachan had under said right of way has been conveyed to the plaintiff." The plea was insufficient because intervener admitted conveyance of the lots adjacent to the right of way without averment of reservation by appropriate language in her deeds, and as above stated Cuneo et al. claimed the servient estate.

On January 12, 1934, Champlin Refining Company, by order of court, paid into court $5,788.49, representing value of oil in controversy as produced to January 1, 1934, and on January 18, 1934, the trial court found that Blake, Ivy, and the Knoells requested an order directing the court clerk to disburse the above-mentioned fund in accordance with the judgment of December 22, 1933. It was so ordered, and that day the Knoells got $2,865.24; Ivy, $1,432.62; Blake, $1,432.62 of said fund.

The Knoells (unsuccessful claimants finally, but primarily successful under the trial court's original judgment, which was not superseded) had employed W. H. Ivy as their attorney, and W. H. Ivy associated himself in the case with E. E. Blake, an attorney.

By the primary judgment the Knoells acquired an undivided one-half interest, Ivy and Blake an undivided one-fourth interest, respectively, in the royalty, and "all future payments due and accruing" therefrom were ordered to be paid to said defendants, Knoell, Knoell, and Ivy and to said E. E. Blake.

The right-of-way tract of land was attached for oil purposes to block 23, Central addition; by final judgment the Knoells, Ivy, and Blake had no right to oil or proceeds attributable, but Cuneo et al. became royalty owners of the area.

By final judgment Champlin Refining Company was credited with the $5,-788.49 paid by it into court January 16, 1934, but judgment ran against Champlin Refining Company and in favor of Cuneo et al. for $10,891.37 remaining with the refining company "as stakeholder."

By final judgment the Knoells and Ivy and Blake were ordered to repay with interest within 30 days the amounts of $2,865.24, $1,432.62, $1,-432.62, respectively, that they had received by the order of January 18, 1934.

Mr. Blake and Mr. Ivy appeal. Mr. Ivy having failed to file a brief, his appeal is treated as abandoned. The judgment of the trial court is presumptively correct.

Mr. Blake seeks reversal on the ground that while he was an attorney in the action he was not a party. The record he assisted in making, containing the order of January 18, 1934, by which he obtained the money now ordered restored, described Blake and Ivy and the Knoells as "defendants in the above-titled cause." Moreover, by reason of Mr. Blake's position as an attorney, he not only was responsible for the action of his client in court, but as well for his own.

A party in whose favor a judgment is rendered must, on its reversal, make restitution. 3 Am. Jurisprudence, 744. Mr. Blake was no stranger to these proceedings; he secured initial fruits of the lawsuit. Florida Central Railroads v. Bisbee, 18 Fla. 60, and kindred cases are distinguishable and distinguished.

Mr. Blake by acts and conduct submitted himself to the jurisdiction of the court and empowered it to order of him restitution.

Plaintiffs, Cuneo et al., by cross-appeal contend error in the judgment allowing Champlin Refining Company credit for the $5,788.49 paid by it into court and distributed as aforesaid. The effect of this part of the judgment is to release Champlin Refining Company to the amount paid by it into court under the theory that Champlin Refining Company was a mere stakeholder.

There is some contention that, since the original judgment was entered December 22, 1933, and the order for the payment by and discharge of Champlin Refining Company was not entered until January 12, 1934, after elapse of the term of the court, the court was without jurisdiction to modify the original judgment. There is no merit in this, for there was no modification of the judgment, but a provision for payment under it.

Irrespective of the court's order, Champlin Refining Company's payment into court was authorized under section 78, O. S. 1931, 12 Okla. Stat. Ann. § 27, for it was a party defendant with the right to defend its lease from cancellation on the ground of fraud as alleged, and at the same time tender into court a royalty payment as a mere stakeholder.

When the court clerk received the royalty payment, it became his duty to disburse it. Linson v. Barns, 136 Okla. 237, 277 P. 233; Commercial Investment Co. v. Peck, 53 Neb. 204, 73 N. W. 452.

Cuneo et al. had ample opportunity to stay the judgment, and failing to do so, it is bound by the general rule that when the court takes jurisdiction of a fund, as in the present case, the depositor is relieved of liability. Devlin v. Hinman, 57 N. Y. S. 663, aff. 161 N. Y. 115, 55 N. E. 386. In the cited case it was held:

"The depository of the moneys, having been made a party to the action, set up that it was a mere custodian of the funds, and asked to be permitted to deposit the same to the credit of the action, and to be discharged from further liability on account thereof. * * * It then became a fund in the hands of the court, to be held by it for the purpose of delivery to the party who should finally establish right thereto." See, also, McFadden v. Swinerton, 36 Ore. 336, 62 P. 12.

In defendants in error's brief, page 46, it is admitted that "If this payment was made by Champlin as a stakeholder, it was relieved of responsibility. . . ." We find, and hold, that the record justifies the view of the trial court. Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.