**W. C. DEAN JEWELRY CO. v. STORM.**

No. 7210—Opinion Filed Aug. 8, 1917.

(166 Pac. 1046.)

(Syllabus by the Court.)

**Evidence—Parol Evidence—Intention of Parties.**

When the question arises in a suit on a written instrument as to whether the signers executed the same in a representative capacity or as individuals, and anything appears on the face of the instrument which suggests a doubt as to the party bound, or as to the character in which the instrument was signed, parol evidence is competent, as between the original parties, at least, for the purpose of showing the true intent of the parties when executing the instrument.

Error from District Court, Oklahoma County; James W. Steen, Assigned Judge.

Action by the W. C. Dean Jewelry Company against P. G. Storm. Judgment for defendant, and plaintiff brings error. Affirmed.

Douglas B. Crane and E. L. Fulton, for plaintiff in error.

Everest & Campbell, for defendant in error.

HARDY, J. W. C. Dean Jewelry Company, a corporation, commenced this action against P. G. Storm, to recover certain commissions alleged to be due on a bill of silverware. Trial resulted in a verdict for defendant, and plaintiff appeals the case, assigning as error the action of the court in admitting oral testimony at the trial.

The petition alleged that in the year 1911 plaintiff entered into a written contract with defendant, whereby said defendant agreed to pay plaintiff the sum of 10 per cent. on a certain bill of silverware sold by Reed & Barton to the Skirvin Hotel. The contract between Reed & Barton and the hotel is in the form of an order or estimate for the silverware equipment of the cafe, banquet hall, and dining room of said hotel. The articles were specifically enumerated, with prices set opposite. At the head of said estimate is the following statement:

"Estimate for the silver equipment for cafes, banquet halls, private dining room of the Skirvin Hotel, including 10 per cent. commission for W. C. Dean Jewelry Company."

In the body of the estimate or contract is the following:

"Eliminating W. C. Dean Jewelry Company's 10 per cent. commission, $842.62."

At the foot of said document is the following:

"Respectfully submitted, less 10 per cent. Reed & Barton, by P. G. Storm. Accepted by W. B. Skirvin."

On the margin of the last page of the estimate appears the following indorsement, which is alleged to be the contract between plaintiff and defendant:

"Subject to 10 per cent. commission for the

W. C. Dean Jewelry Company, P. G. Storm."

Plaintiff was in the retail jewelry business, and defendant was the agent of Reed & Barton and a stockholder in plaintiff company. Defendant admits signing the memorandum on the margin of the estimate, but alleges in his answer, and offered evidence in support of the allegation, that, when signing same, he signed it as the agent of Reed & Barton, and that this fact was known and agreed to by plaintiff. Plaintiff's position is that this estimate for the silverware is a contract between the Dean Jewelry Company and the defendant, Storm, by which defendant agreed to pay plaintiff 10 per cent. commission on the amount of the sale, and that oral evidence is wholly incompetent to explain the capacity in which defendant signed the memorandum. This would be true, if there were nothing upon the face of the instrument showing in what capacity the signature was placed thereon, nor any ambiguity or uncertainty therein. Taking the estimate, with the indorsement thereon, as it appears in the record, unaided by parol evidence, it would be insufficient to support a judgment in favor of plaintiff. It appears to be a memorandum between Reed & Barton, on the one hand, and W. B. Skirvin, on the other hand, amounting to an offer to sell Skirvin a certain bill of goods for a certain sum of money, subject to a 10 per cent. commission for the plaintiff, and an acceptance thereof by W. B. Skirvin. Whether the commissions were to be paid by Reed & Barton, or were to be deducted and paid by Skirvin, does not appear from the memorandum, and, without evidence to supplement it or explain it, no personal judgment could be rendered against anybody thereon.

The contract, if any, upon which plaintiff must recover, arises by reason of the fact that the proposition of Reed & Barton had been accepted; and the recital that it was subject to the commission in favor of plaintiff would at most constitute an admission on the part of whoever executed the contract that the amount was due to the plaintiff. But, even then, it is not in itself a contract upon the part of Reed & Barton, or of Skirvin, to pay the Dean Jewelry Company the commission therein recited, but, taken in connection with the other evidence given in explanation thereof, might warrant a recovery, which could not be had without evidence showing the party to be bound. And when it became necessary for plaintiff to make this proof, it was competent for defendant likewise to show the capacity in which his signature was appended thereto. The name of P. G. Storm is signed in two places, but nowhere does the instrument purport to bind him personally. The signature in one place is "Reed & Barton, by P. G. Storm," and this clearly shows that as to the estimate submitted, which was accepted by Skirvin, upon which transaction the commission is claimed, the contract was made in the name of Reed & Barton, and that Storm acted only in a representative capacity, and the memorandum relied upon by plaintiff clearly supplements and depends upon the original estimate for explanation and binding force, and under these circumstances the evidence was clearly admissible.

In a number of cases in this court and in the territorial court the rule has been announced that extrinsic testimony is not admissible to explain or vary the terms of a negotiable instrument, but that this general rule is subject to the reasonable exception that where anything appears on the face of the instrument which suggests doubt or ambiguity as to the party bound, or the character in which any of the persons who signed the instrument acted, parol testimony is admissible as between the original parties for the purpose of showing the true intent and meaning of the parties. Janes v. Citizens' National Bank, 9 Okla. 546, 60 Pac. 290; Cohee v. Turner et al., 37 Okla. 778, 132 Pac. 1082; First Nat. Bank v. Womack et al. 56 Okla. 359, 156 Pac. 207.

The judgment is affirmed.

All the Justices concur, except SHARP, C. J., and TURNER, J., absent.