Ruth L. GRIFFITH, Appellee,

v.

W.M. CLOUD, Appellant.

No. 66442.

Supreme Court of Oklahoma.

Oct. 18, 1988.

Allford, Ashmore, Invester, Brown & Zellmer, McAlester, for appellee,

Musser, Bunch & Robinson, R. Clark Musser, Martha L. Marshall, Oklahoma City, for appellant.

SIMMS, Justice:

This is an appeal from trial court's ruling in favor of plaintiff in a quiet title action holding that "oil, gas and other minerals" does not include limestone. The trial judge, in accord with unanimous and consistent precedent, ruled that limestone was not included within the phrase and granted plaintiff's motion for summary judgment in her action to quiet her rights and interest in and to the limestone in and under the land in Pittsburg County. Defendants had counter-claimed seeking to quiet title to the limestone in themselves, claiming rights to same by reason of a royalty deed to their predecessor in interest from plaintiff's predecessor in interest.

The deed in question was a standard form mineral deed which had been altered so that the label read "royalty deed" rather than "mineral deed". The granting clause provided that grantors conveyed an "undivided *one-half* interest in and to all the oil, gas and other minerals in and under and that may be produced" from the property. Following the legal description grantors added the following:

"(It is the intent of grantors to convey to grantee all of their undivided 227.50 acre royalty interest under the lands herein described)".

Appellants argue on appeal, as they did before the trial court, that grantors' use of the term "royalty" expanded the substances included within the grant to include more than oil and gas and those minerals produced as constituents and components thereof. Appellant concedes that "oil, gas and other minerals" has a definite meaning in the law of this state and that the phrase by itself would not include limestone. Appellant argues, however, that because grantors in this instance had royalty interest in the limestone as well as in the oil, gas and other minerals, by virtue of a reservation in a previous conveyance, that this use of the typewritten "all ... royalty interest" shows the grantors' intention to convey all the royalty they owned in the property, i.e., all oil, gas, and other minerals, and limestone royalty. Appellant contends that by specifically inserting the typewritten language, the grantors' specific expression of intent to convey all royalty is clear and unambigious and that this typewritten provision alters the effect of the subject deed, taking the meaning outside of other "oil, gas and other minerals" cases. Appellant argues that those cases are irrelevant as are cases concerning whether or not limestone is a mineral as well as cases involving the differences between mineral and royalty conveyances. Appellant contends that is the intent of the parties which is explicitly put forth in the typewritten provision which controls this conveyance.

■ We agree that the conveyance is not ambiguous. The phrase "oil, gas and other minerals" has a certain and fixed meaning in Oklahoma. The Court recently had occasion to again pass on the question in *The State of Oklahoma, ex rel., Commissioners of the Land Office v. Butler,* Okl., 753 P.2d 1334 (1988), and reviewed there the long line of decisions within this jurisdiction holding that "oil, gas and other minerals" includes only those minerals produced as constituents and components thereof and is not a description of the entire mineral estate. The phrase does not include limestone or any other unspecified mineral.

■ Appellants' argument that by relying on the typewritten "royalty interest" this situation was somehow removed from the general rule of conveyances of "oil, gas and other minerals" is unsupported and unconvincing.

Appellants' contention that this typewritten phrase should prevail over the printed form is inapposite here. The granting clause of the deed determines the interest conveyed. See, e.g.: *Jennings v. Amerada Petroleum Co.*, 179 Okl. 561, 66 P.2d 1069 (1937); *West v. Aetna Life Insurance Co.*, Okl.App., 536 P.2d 393 (1975); *Panhandle Cooperative Royalty Co. v. Cunningham*, Okl., 495 P.2d 108 (1972). The granting clause in this case conveyed "... an undivided *one-half* interest in and to all the oil, gas and other minerals ...". This same phrase has, as discussed above, been repeatedly held to include only oil and gas and other minerals produced as a component and constituent thereof. See *Butler*, supra; *Panhandle*, supra; and *West*, supra. The appellants' attempt to enlarge the interest passed in the subject deed by reliance on the term "royalty interest" cannot be sustained. The conveyance could not transfer an interest greater than that provided for in the granting clause, whether conveying a mineral interest or a royalty interest. Here, the explanatory statement in the deed is just that; an explanation, not an expansion of the granting clause. There is no inconsistency. Grantors had only a royalty interest and that is what they conveyed—as limited in the granting clause.

The trial court correctly held that the contested deed did not convey any interest in limestone. The trial court's order granting summary judgment in favor of the appellee is affirmed.

AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, ALMA WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in judgment.

SUMMERS, J., dissents.