JOHN A. MULDOON, Respondent, *v.* JERUSHA DELINE, Appellant.

Where, by applying the description contained in a deed to the premises, an ambiguity is raised, evidence may be given to explain it, and if some particular of the description is shown to be false or defective, that may be rejected, provided the balance is sufficient to show the intention of the parties; but if, when the description is so applied, no ambiguity is produced, parol evidence is inadmissible to show that it was not the intent to convey all the land included in the description.

B., being the owner of certain premises, conveyed a portion thereof to plaintiff. The description in his deed gave the line between the portion conveyed and the residue as beginning at a certain point on the line of a street and running at right angles therewith. Subsequently, B. conveyed the residue to defendant. In an action of ejectment, it was conceded that the description included the land in controversy, which was a triangular piece lying between the line given in the deed and a line starting at the same point and running diagonally. Defendant offered to prove on trial by parol that it was not the intention of the parties to plaintiff's deed to include the land in question, and that the first course should have run diagonally instead of at right angles with the street. *Held*, that the evidence was properly rejected.

(Argued May 26, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 7, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. M. Waters* for appellant. The plaintiff must justify the judgment in this action upon the strength of his own title. (*Roberts* v. *Baumgarten*, 110 N. Y. 380.) Every grant must be so construed, if possible, as to effect the intent of the parties. (*Lush* v. *Druse*, 4 Wend. 313, 319; 1 Greenl. on Ev. § 301; *Jackson* v. *Marsh*, 6 Cow. 281.) Plaintiff took exactly the land described by the deed, when its language, being properly construed and interpreted, was applied to the objects mentioned according to the meaning of the language used. (1 Add. on Cont. [8th ed.] 294.) The court, therefore, erred both in taking the case from the jury and in assuming, as matter of law, that the right-angled course should govern. (*Harris* v. *Oakley*, 130 N. Y. 1–5; *Jackson* v. *Marsh*, 6 Cow. 281, 283; *Jackson* v. *Loomis*, 18 Johns. 81; 19 id. 449; *Donahue* v. *Case*, 61 N. Y. 631.)

*Geo. B. Warner* for respondent. The opinions or intentions of the parties who executed a written instrument free from ambiguity cannot be given in evidence to alter the signification of its plain language, it must be interpreted according to its terms. (*Humphreys* v. *N. Y., L. E. & W. R. R. Co.*, 121 N. Y. 435; *Brady* v. *Cassidy*, 104 id. 147, 148; *Drew* v. *Swift*, 46 id. 204; *Waugh* v. *Waugh*, 28 id. 94; *Clark* v. *Withy*, 19 Wend. 320; *Adams* v. *Rockwell*, 16 id. 285 n.; *Long* v. *M. I. Co.*, 101 N. Y. 638; *Harris* v. *Oakley*, 130 id. 1.) Where words used as a part of an instrument are not entirely intelligible oral evidence of the circumstances attending its execution is only admissible to aid in its interpretation as between the parties to the instrument. (*Schmittler* v. *Simon*, 114 N. Y. 176.) Where a deed correctly describes a piece of land, declarations of the grantor orally made or contained in a subsequent deed is not properly received to show what was intended. (*Armstrong* v. *DuBois*, 90 N. Y. 96; *Drew* v. *Swift*, 46 id. 204; *Bell* v. *Woodward*, 46 N. H. 315;

Gerard on Tit. [3d ed.] 512, 513, 514.) A conveyance is to be construed according to its visible location calls appearing on the land, rather than quantity, course or distance. (*Robinson* v. *Kime*, 70 N. Y. 147; *Donahue* v. *Case*, 61 id. 631; *Cronk* v. *Wilson*, 40 Hun, 269.) A grantee is entitled as against his grantor, and those claiming under him, by a subsequent grant to all the land embraced in his deed whether the quantity was more or less than was intended to be conveyed, the title passes, and the grantee is owner so long as the deed remains unreformed. (*Elliott* v. *Lewis*, 10 Hun, 388; *Cramer* v. *Benton*, 60 Barb. 216; *Van Wyck* v. *Wright*, 18 Wend. 151.) The court correctly ordered a verdict for plaintiff. There was no evidence to authorize a different finding by the jury. (*Lippett* v. *Kelley*, 46 Vt. 516; *Bond* v. *Fay*, 12 Allen, 88; *Bulger* v. *Rosa*, 119 N. Y. 459; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341; *Alger* v. *Graham*, 54 id. 258, 360; *Corning* v. *T. I. & N. Factory*, 44 id. 577; *Barclay* v. *Howells*, 6 Pet. 499; *F. N. Bank* v. *Dana*, 79 N. Y. 108.)

EARL, Ch. J. This is an action of ejectment to recover a small triangular piece of land. The parties own adjoining lots and both claim under the same grantor, Burton. The plaintiff took his deed June 29, 1885, and the defendant took his July seventeenth afterward. The land conveyed to the plaintiff is described in his deed as follows: "Beginning in the easterly line of Rust street forty feet north from the southerly line of lot No. 121 on said map, thence easterly at right angles to Rust street 153 feet to the southerly line of lot No. 137, thence northwesterly on the southerly line of lot No. 137 forty feet, thence westerly about 128 feet to the easterly line of Rust street to a point 40 feet north from the place of beginning, thence southerly along the easterly line of Rust street to the place of beginning." It is conceded that this description includes the land in controversy. The defendant upon the trial offered parole evidence of the conversations and negotiations between Burton and the plaintiff, and of other circumstances, to show that it was not the intention of the parties to

the deed to include therein this land, and that the first course in the deed should not run at right angles with Rust street, but diagonally so as to strike the southerly line of lot 137, forty feet from the southerly line of lot 121. There is no ambiguity in the description contained in the plaintiff's deed. Every line can be surveyed on the ground just as it is given, and the grantor had the land. When the description is applied to the land, no ambiguity is produced, and hence there is no room for parole evidence. It is true that the intent of the parties to the deed must control. But that intent must be ascertained from the language contained in the deed. When, however, by applying the description contained in a deed, an ambiguity is raised, evidence may be given to explain that; and if it be found that some particular of the description is false or defective, that may be rejected, provided the balance of the description when applied to the land, is sufficient to show the intention of the parties. The rule in such cases is derived from the civil law, *falsa demonstratio non nocet, cum de corpore constat,* and is fully explained in the leading case of *Miller* v. *Travers* (8 Bing. 244), and in 1 Greenleaf's Ev. 301. Here there was no patent or latent ambiguity, and no false description which within the rule could be disregarded.

The defendant in his answer did not allege any mistake, and ask for a reformation of the deed. It is possible that there is a mistake in the description contained in the deeds of both of these parties. If the defendant has any remedy, it is by an action to reform the deeds, and to that action probably Burton, the grantor, would be a necessary party, and perhaps also Harrington, the grantee of the lot lying southerly of the plaintiff's. With all the parties before the court in such an action, parole evidence might be given to show mistake, and if the defendant could clearly establish the mistake he might procure a reformation of the deeds, unless equitable considerations after the lapse of so much time and changed conditions should impel the court to deny the relief. But in this legal action with

these two parties only before the court the deeds as written must control.

There was no question of fact for submission to the jury and the verdict for the plaintiff was properly directed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.