## JOY v. KIZZIAR.

No. 22921. Nov. 20, 1934.

Rehearing Denied Dec. 11, 1934.

Robinson & Oden and J. W. Chancellor, for plaintiff in error.

E. E. Gore, for defendant in error.

PER CURIAM. M. A. Joy purchased a tract of land from Martin E. Kizziar containing 23.85 acres, at the purchase price of $800 per acre. The deed executed was joined in by certain other Kizziar heirs. The land was to be used for a site to erect a compress thereon. The deed executed was subject to an easement for a road or street across the east end, running north and south. At the same time Kizziar executed other instruments, creating certain streets for public ways, to Joy and the public at large, subject to a right and franchise by Joy to construct and maintain railroad switches across the same to and from the tract purchased by him.

At the same time Kizziar also gave an option to Joy to purchase three other tracts, two of which tracts were to be triangular in shape, at the northeast and southeast corners of the Joy tract. These tracts were to be used to build and maintain switches thereon from the compress to certain railroads nearby.

Joy exercised his option to take the two triangular tracts and the controversy arises over the description of the same. According to Kizziar's contention, these triangular pieces of land should begin at the true or actual corners of the Joy tract purchased for compress purposes. According to Joy's contention, the beginning of these triangular pieces of land should begin at the corner or intersection of the streets or roadways created by the easements executed by Kizziar, 50 feet west and 50 feet north and 50 feet south, respectively, of the Joy tract, so as not to include any part of the public ways or streets granted by the easements executed by Kizziar. The third tract is not in controversy for the reason that Joy never exercised the option to purchase the same.

The case was tried to the court and judgment was rendered in favor of the plaintiff, and defendant appeals, assigning as error:

First. That the judgment was excessive.

Second. That the beginning corner was the inner L corner of the streets, respectively, and not the corner of the Joy land.

Third. That the judgment was contrary to law in that the court erred in the construction of the contract.

The first legal proposition to determine is: Did Kizziar have any title to convey in the lands dedicated for streets and public ways, which reserved to Joy an easement to construct and maintain switches thereon?

29 C. J. page 540, par. 257, provides:

"The general rule is that the public acquire an easement only in highways, the fee of the land remaining in the owner, subject to the easements."

In the case of In re Vance et al. (Oklahoma Natural Gas Co.) v. Scott et al., 115 Okla. 8, 241 P. 164, the second paragraph of the syllabus is in part as follows:

"The highways of this state are owned by the abutting property owners, subject only to an easement in the public to use the same for highway purposes. * * *"

The land would revert to Kizziar in the event the same was abandoned by the public for use as a highway or street. Britton v. Morris, 59 Okla. 162, 158 P. 358; Salyer v. Jackson, 105 Okla. 212, 232 P. 412; Session Laws 1923, chapter 30 (section 6396, Okla. St. 1931).

The same rule would apply to the easements granted Joy in the event the same was abandoned for the purpose of maintaining switches thereon. Santa Fe, L. & E. R. Co. v. Laune et al., 67 Okla. 75, 168 P. 1022; Canadian River Railroad Co. v. Wichita Falls & Northwestern Ry. Co. et al., 64 Okla. 62, 166 P. 163; and Abercombie v. Simmons, 71 Kan. 538, 81 P. 208.

Plaintiff in error contends that he became the owner of one-half of the abutting road, subject to the usual easements, citing the case of Hannibal Contracting Co. v. Friend et al. (Mo. App.) 36 S. W. (2d) 493. However, section 8444, C. O. S. 1921 (sec. 11790, O. S. 1931), provides:

"An owner of land, bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."

In the trial court it was shown that no actual money was paid for the land so dedicated for the public way and an easement in favor of Joy. The dedication was by a separate instrument which was delivered to Joy at the time the deed was delivered to the site purchased by him. The deed to the site does not mention the easements created. Kizziar owned the land north and south of the tract purchased by Joy, out of which the land dedicated for a public way was taken. Had the street or public way been in existence at the time, there would be more force to the argument advanced by plaintiff in error.

In the case of Brown v. Oregon Short Line R. Co. (Utah) 102 P. 742, the court said:

"But in the case at bar at least three of the parcels were granted by the deceased before he granted the strip as an easement, and no reference whatever is made to the strip, nor is the strip mentioned as a boundary in any of the other deeds, but the parcels are all distinctly described by metes and bounds, and an easement is granted over the strip. It is clear, therefore, that the doctrine that, where land is conveyed which is bounded by a street, highway, or alley, which is expressly referred to as such in the conveyance as a monument or boundary, the fee passes to the center of such street, highway, or alley, cannot be applied in this case."

In Crocker v. Cotting (Mass.) 33 L. R. A. 247, the court said:

"The rule by which the mention of a way as a boundary in a conveyance of land is presumed to mean the middle of the way, if the way belongs to the grantor, is not an absolute rule of law, irrespective of manifest intention, like the rule in Shelley's Case, 1 Coke, 887, but is merely a principle of interpretation, adopted for the purpose of finding out the true meaning of the words used. Codman v. Evans, 1 Allen, 443; Motley v. Sargent, 119 Mass. 231-235. We are of opinion that, on the facts of this case, the words used in the conveyances upon which the plaintiffs rely did not purport to convey any part of the fee under the passageway in question."

The same rule is followed in Vanderbilt University v. Williams (Tenn.) 280 S. W. 689, Hobson v. City of Philadelphia (Pa.) 24 Atl. 1048, and Gray v. Kelley (Mass.) 80 N. E. 651.

Plaintiff in error further contends that the easements, having been granted contemporaneously with the deed to the land purchased, were for the benefit of the estate purchased, and that the easements could not be in gross but were and are appurtenant thereto, and run with the land to the benefit of the plaintiff in error Joy, and his heirs and assigns, citing Stuart v. Larrabee (Tex. Civ. App.) 14 S. W. (2d) 316, and Texas & Pacific Ry. Co. v. Chandler et al. (Tex. Civ. App.) 20 S. W. (2d) 380.

Admitting that this rule is correct, it would not vest in Joy and his heirs the absolute title to the land to the middle of the street.

Having reached the conclusion that Kizziar still owned the fee title to the land dedicated for public ways, and an easement in favor of Joy, what is the fair construction to place upon the option contract between Kizziar and Joy for the purchase of the triangular tracts? The description of the triangular tracts describes the corners to begin at the southeast and northeast corners of the tract purchased by Joy for compress purposes.

Section 5041, C. O. S. 1921 (sec. 9462, O. S. 1931), provides:

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

Plaintiff in error raises the question that he does not have any greater rights in the streets than he had before the purchase, as he only has the right to construct and maintain railroad switches thereon. That is only partly true. He would have all the rights that Kizziar had in the land if the same was abandoned as a public way. He is vested with absolute title to the fee.

The detriment to be suffered by Kizziar, after taking off the triangular tract, the land remaining to him would have an irregular shape, which would not be true had Joy merely exercised his rights under the ease-

ment granted, and not the option to purchase same.

Another circumstance to be considered in the transaction: The deed to the tract of land which Joy purchased for the compress site had a similar provision, and Joy paid the full purchase price without deducting anything for the easement created across that tract.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles B. Steele, A. D. Cochran, and C. A. Dickson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Steele, and approved by Mr. Cochran and Mr. Dickson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.