## JENNINGS v. AMERADA PETROLEUM CORPORATION et al.

No. 27154.　April 6, 1937.

Clarence Robison, for plaintiff in error.

Victor C. Mieher, R. Y. Stevenson, and Goode, Dierker & Goode, for defendants in error.

PER CURIAM. This action was instituted in the superior court of Pottawatomie county by E. M. Jennings, hereinafter referred to as plaintiff, against the Amerada Petroleum Corporation, hereinafter referred to as defendant, to recover the sum of $750 as rentals on a strip of land consisting of approximately 13.51 acres. Subsequently one Max Tischer, hereinafter referred to as intervener, was permitted to file a plea in intervention in said cause. Plaintiff declared upon a written lease contract which purported to have been executed on the part of the defendant by one N. A. Ludewick as agent. Answer of the defendant, in addition to a general denial, expressly denied the authority of Ludewick to execute such contract and asserted that the same was invalid and that it had been expressly disavowed and rejected by the defendant and the plaintiff so advised. Plaintiff in his reply alleged that the defendant had accepted the benefits of the lease and had gone into possession of the premises therein described and had occupied and used the same, and that if said lease was invalid in its inception, the defendant had thereafter ratified and confirmed the same. The intervener, joined therein by his wife, filed a petition wherein they alleged that they were the owners of the quarter section of land which included the 13.51 acres and that they had acquired the same by warranty deed from plaintiff and that they asked judgment quieting title against any claims of the plaintiff, and that they should have any rentals that might be found to be due on said premises. Defendant answered the intervener's petition, admitting title of the intervener, but denied that it was indebted to the intervener in any sum. Plaintiff in answer to the petition of intervener, in addition to a general denial, pleaded that the matters alleged in intervener's petition were not germane to the issue between the plaintiff and the defendant, and that the intervener was neither a necessary nor proper party to the action, and further pleaded that the deed which plaintiff had executed to said intervener was not intended to convey and did not convey the 13.51 acres involved in the controversy. Reply was in the nature of a general denial. The cause was transferred to the district court, a jury was waived by all parties and the cause was thereupon tried before the Honorable J. Knox Byrum as special district judge. Demurrer of the defendant to the evidence of the plaintiff was sustained and the cause dismissed as to the defendant. The motion of the intervener for judgment in his favor was likewise sustained and a judgment was entered quieting title as against the claims of the plaintiff.

In the trial court the plaintiff conceded that if his claim of title to the 13.51 acres was not well founded, he was not entitled to recover in the action, and the case was tried upon the single issue thus presented. It appears from the record that on December 17, 1914, the plaintiff and his wife exe-

cuted a deed to the intervener, the granting clause of which contains the following language:

"The southwest quarter of section thirty-two (32) township nine (9) north, range five (5) east of the Indian Meridian, in Pottawatomie county, Oklahoma, containing one hundred and sixty acres more or less, less the right of way of the Little River drainage ditch containing 13.51 acres and except right of way of M., K. & T. Ry. Co."

Thus the question presented for the determination of this court is whether the language above quoted was sufficient to constitute a reservation of title in the grantor to the 13.51 acres described as containing the right of way of the Little River drainage ditch. The plaintiff sought to prove by attending circumstances and contemporaneous and subsequent acts of the parties that it was intended that said deed should reserve title to the grantor in the 13.51 acres covered by the right of way of Little River drainage ditch. This evidence was excluded by the court. It is the contention of the plaintiff that if the deed is to be held to be clear and unambiguous, the effect of the words "less the right of way of Little River drainage ditch containing 13.51 acres" is to subtract said quantity of land from the "160 acres more or less" conveyed, and that even without the evidence which was excluded, the judgment should have been for the plaintiff against the intervener on the question of title and against the defendant for the rentals for which suit was originally brought. The plaintiff further urges that if the language used in the deed is to be deemed ambiguous or uncertain in meaning, then the excluded evidence should have been admitted to show the practical construction which the parties had placed upon the deed prior to the controversy. The language of the contract, if clear and explicit and free from ambiguity, governs the interpretation (section 9462, O. S. 1931); and when the contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible (section 9463, O. S. 1931). Unless the instrument is ambiguous, it is the duty of the court to interpret it, and parol evidence is not competent to explain it or to vary its terms. Kilpatrick v. Plummer, 145 Okla. 117, 291 P. 501; First National Bank of Ada v. Womack, 56 Okla. 359, 156 P. 207; Cohee v. Turner & Wiggins, 37 Okla. 778, 132 P. 1082; Dean Jewelry Co. v. Storm, 64 Okla. 234, 166 P. 1046. The general rule that the granting clause in a deed determines the interest conveyed and in the absence of obscurity, ambiguity, or repugnancy, prevails

over introductory recitals and over the habendum clause when they are contrary thereto, has been relaxed in the modern decisions so that when a deed possesses an element of uncertainty, parol evidence, the admissions of the parties, and other extraneous circumstances may be proved to ascertain its true meaning. This rule is applicable, however, only when the uncertainty is intrinsic and is shown on the face of the instrument. See Wilson v. Olsen, 167 Okla. 527, 30 P. (2d) 710, and the cases therein cited.

In the deed now under consideration there is no element of uncertainty unless the language used in the granting clause should be deemed itself uncertain. An examination of the authorities reveals the fact that the language of the exception contained in the granting clause has a well-defined and accepted meaning; that when so appearing, the purpose and office thereof is not one of reservation, but rather of limitation and that thereunder the grantor conveys all of his interest in the servient estate and expressly recognizes and acknowledges the dominant estate, and in the absence of clear and unequivocal language to the contrary reserves no title in the grantor. As said in the case of Barker v. Lashbrook, 128 Kan. 593, 279 P. 12:

"The following statement in a general warranty deed immediately after the description by metes and bounds of 120 acres, viz.: 'Less one acre in southeast corner for school purposes and 3.81 acres taken by the Kansas City, Wyandotte & Northwestern Railway, containing 117.19 acres, more or less'—considered, and held not to constitute a reservation in the grantor of the servient estate or interest in the right of way of the railroad, nor to indicate or make it expressly appear that it was the intent to pass a less estate than the whole or entire interest of the grantor therein."

And, as also said in the case of Shell Petroleum Corp. v. Hollow, 70 Fed. (2d) 811:

"Decisions could be multiplied holding that the servient estate in a small tract, usually in the form of a strip set apart for highway or railway right-of-way purposes, passes with a conveyance of the fee to the abutting tract of which the strip formerly was a part. The servient estate passes with such a conveyance, even though no express provision to that effect is contained in the instrument. The rule is that such estate passes unless it is excluded by clear, unequivocal, and unmistakable language."

See, also, Roxana Petroleum Corp. v. Jarvis, 127 Kan. 365, 273 P. 661. Since the

deed of plaintiff to the intervener in December, 1914, as a matter of law conveyed the entire interest and estate of grantor in said premises, including the servient estate, and the language used in the deed was neither uncertain nor ambiguous, and there was no uncertainty appearing therein, the trial court proceeded properly in excluding the evidence offered by the plaintiff which would tend to vary the terms of the instrument, and properly sustained the demurrer of defendant to the plaintiff's evidence and the motion of intervener for judgment quieting title in the lands in controversy, and therefore such judgment should not be disturbed.

Judgment affirmed.

OSBORN, C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur.