OKLAHOMA CITY v. DOBBINS et al.

No. 24343.   June 24, 1941.

Rehearing Denied Sept. 30, 1941.

*117 P. 2d 132.*

A. L. Jeffrey, Municipal Counselor, Warren W. Connor, Asst. Municipal Counselor, and Jarman, Brown, Looney & Watts, all of Oklahoma City, for plaintiff in error.

Joe T. Rogers and D. W. Eaton, both of Wichita, Kan., and A. H. Dolman and Chas. H. Garnett, both of Oklahoma City, for defendants in error.

HURST, J.   This is an action by C. E. Dobbins and others to quiet the title to, and for possession of lot 5, block 64, of the original townsite of Oklahoma City, which lot is 25 feet wide and 140 feet long. The judgment of the trial court gave plaintiffs the south 100 feet of the lot, and Oklahoma City the north 40 feet. On appeal this court, in Oklahoma City v. Dobbins, 172 Okla. 195, 44 P. 2d 148, reversed the judgment insofar as it gave plaintiffs the south 100 feet of said lot, and affirmed it as to the north 40 feet thereof, thus giving the entire lot to Oklahoma City.

The questions originally argued and considered in the first opinion (172 Okla. 195) in the determination of the title to the north 40 feet were identical with those involved in Noble v. Oklahoma City, 172 Okla. 182, 44 P. 2d 135, and when a writ of certiorari to the

Supreme Court of the United States was granted in that case, the mandate in the instant case was stayed pending the decision of that court in the Noble Case. In the Noble Case, the United States Supreme Court reversed the judgment of this court on the questions involved, the effect of that decision being that on the contentions originally made the title of plaintiffs in the present case to the north 40 feet was superior to that of the city. The city, however, now submits further contentions to support its claim of title. Little attention was given in the first opinion to the effect which the city now contends must be given to the various conveyances involved in this action, but these conveyances are contained in the record, and therefore their legal effect will now be considered. They were set out in the former opinion of this court cited above, and we need not burden this opinion by again setting them out.

The city now contends that when plaintiff's ancestor, Almira Wilkerson, took title to the lot in controversy, subject to the rights of the Choctaw Coal & Railway Company in and to the north 40 feet thereof, and thereafter conveyed the south 100 feet to the Oklahoma City Terminal Railroad Company by a warranty deed without restrictions or reservations, a fee-simple estate in said south 100 feet vested in her grantee, and that as, by the last-mentioned conveyance, she divested herself of all property abutting upon the north 40 feet, the servient estate in the north 40 feet vested in the Oklahoma City Terminal Railroad Company, under the rule announced in Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. 2d 82, and Jennings v. Amerada Petroleum Corporation, 179 Okla. 561, 66 P. 2d 1069, and by subsequent conveyances became the property of the city.

The plaintiffs contend: (a) That the rule stated in the Cuneo Case is the minority rule and should not be followed; (b) that it is contrary to the rule followed in Joy v. Kizziar, 169 Okla. 642, 38 P. 2d 493; (c) that the deed involved here should be construed so as to carry out the intention of the

parties; and (d) that the rule followed in the Cuneo Case does not apply for the reason that the deed in the present case does not refer to the right of way of the Choctaw Coal & Railway Company as a boundary or otherwise mention it, thus indicating a lack of intention to include it in the grant.

We agree with the contention of the city. We have re-examined the rule adopted in the Cuneo Case, and are of the opinion that it is sound and is a complete answer to the contention made by the plaintiffs. The question is one of presumed intention when the conveyance is silent as to whether the servient estate under a highway or railway right of way passes with a conveyance of the abutting property. In addition to the authorities cited in the Cuneo and Jennings Cases, see 8 Am. Jur. 772, 781; 4 R.C.L 78-79; 11 C.J.S. 580, 594; 9 C. J. 199, 206; 2 A.L.R. at 31 note; 85 A.L.R. at 404 note; Tiffany Real Property (3rd Ed.) § 996; Thompson on Real Property (Perm. Ed.) § 470.

The Joy Case, relied on by plaintiffs, is not in point. The streets were not in existence when the conveyance to Joy was made. Furthermore, Kizziar remained the owner of the land abutting upon the streets.

In both the Cuneo and the Jennings Cases the language of the deeds considered was more indicative of an intent to exclude the servient estate than the language of the deed in the instant case, for in the Cuneo Case the land sold was that "south of the right of way," and in the Jennings Case the land was sold "less the right of way." In both cases the right of way involved was much greater in area than the 25 x 40 foot plot here involved. The record shows that Almira Wilkerson, on June 7, 1899, paid $100 for the lot, subject to the rights of the Choctaw Coal & Railway Company. The consideration of the deed to the Oklahoma City Terminal Railroad Company, made after her grantee had begun proceedings to condemn the south 100 feet of the lot, is shown as $375. We think it a fair inference from the language of the deed, and the sit-

uation of the parties, that neither considered the north 40 feet of the lot as being of any value to them; that Almira Wilkerson sold her whole estate in the lot; and that the description in the deed was written as it appears therein, not for the purpose of affecting the legal status of the north 40 feet of the lot, but as the most simple and abbreviated form for describing the unsold portion without inserting exceptions to the covenants of warranty. There is nothing in such description, standing alone, which discloses an intention on the part of the grantor to except or retain any interest in the north 40 feet of the lot. Therefore the presumption that she did not so intend applies, and the servient estate in that part of the lot passed to her grantee under the rule above considered, and by the subsequent conveyances the city is vested with full legal title thereto.

The conclusion reached renders unnecessary a discussion of the further contentions urged by the city. It follows that the result announced in our first opinion in this case (172 Okla. 195) was correct, and the judgment is reversed, with directions to enter judgment vesting title to all of said lot in Oklahoma City.

WELCH, C. J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., concur in result. GIBSON, J., absent.