## KASSNER et al. v. ALEXANDER DRUG CO. et al.

No. 31191. Sept. 28, 1943.

Rehearing Denied Feb. 21, 1944.

Application for Leave to File Second Petition for Rehearing Denied March 28, 1944.

*147 P. 2d 979.*

B. H. Carey, of Oklahoma City (Cantrell, Carey & McCloud, of Oklahoma City, of counsel), for plaintiffs in error.

Paul G. Darrough, of Oklahoma City (Rex Belisle and Priest & Belisle, of Oklahoma City, of counsel), for defendants in error.

WELCH, J. The property here involved is a 20-foot strip along the south end of two city lots.

Plaintiffs claim as successor to the heirs of C. B. Ames, and as heirs of John Holzapfel. Defendant Alexander Drug Company claims under a conveyance executed by said Ames and Holzapfel during their lives.

Essential facts are that in 1902 Ames and Holzapfel owned all of the two city lots, which were one hundred and forty-five (145) feet long. On April 16th of that year they conveyed the disputed strip to a railway company for right of way or switch track, with provision for reversion to them, their heirs or assigns, upon abandonment. The strip was so used by railway company until final abandonment and track removal in 1936. In 1905 Ames and Holzapfel, by warranty deed, conveyed all the balance of the two lots to defendant Alexander Drug Company. Defendant constructed a building and loading platform occupying all the balance of said lots and extending over into the disputed strip. That deed to defendant described the property conveyed as:

"The North One Hundred and Twenty

(120) feet of Lots Seventeen and Eighteen in Block Thirty-five, in the City of Oklahoma City, according to the original plat thereof."

And upon execution of this conveyance neither Ames nor Holzapfel owned any land abutting on said railway right of way.

A decisive question is whether that conveyance reserved to Ames and Holzapfel the ownership of the right of reversion in the abutting strip of right of way, the strip here in dispute, or whether such right of reversion passed to defendant by that conveyance in 1905.

The plaintiffs contend that Ames and Holzapfel continued to own the fee and right of reversion in the disputed strip. The defendant contends the disputed strip and right of reversion therein passed to defendant by said conveyance, and such contention was sustained by general findings and judgment for defendant in the trial court.

That conclusion is fully supported by the rule stated in Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. 2d 82, as follows:

"The grantor of land bordering or abutting upon a railway right of way, who owns the fee of such right of way subject to the burden of the right of way, and who subsequent to the grant owns no part of the land on either side of the right of way is presumed to have conveyed his interest in the right of way, unless a contrary intention clearly appears or is expressed."

We find the same rule in Oklahoma City v. Dobbins, 189 Okla. 381, 117 P. 2d 132, where the conveyances were quite similar to those here involved. See, also, Jennings v. Amarada Petroleum Corp., 179 Okla. 561, 66 P. 2d 1069, and Blake v. Cuneo, 188 Okla. 533, 111 P. 2d 485. We deem it unnecessary to here restate the background or foundation of the rule which is so well settled.

The plaintiffs predicate error on the holding of the trial court that the plaintiffs were not permitted to prove by

Mrs. Holzapfel that the grantor in the deed to Alexander Drug Company did not intend to convey the right of reversion in the disputed strip. A similar ruling was upheld in Jennings v. Amarada Petroleum Corporation, supra. The controlling rule above quoted does not admit of an exception in such case upon a statement now as to what the grantor intended years ago when he executed the conveyance. The deed, not being ambiguous, governs and controls as to the intention, as we held in the Jennings Case. There is nothing whatever in this deed to satisfy the rule that the deed must clearly express a reservation in the grantor of the right of reversion or it will be deemed to have passed with the conveyance.

This rule of conveyance or of construction established in this state by the above-cited cases is the rule in most all other jurisdictions, or at least the rule is favored by the great weight of authority. This is shown by recognized texts and adjudicated cases.

The general rules are stated similarly in 8 Amer. Jur. 774, 775, and 813; 9 C. J. 203, and 4 R. C. L. 78. Reference is here made to decided cases following the rule in many other states. See Anderson v. Citizens Savings & Trust Co., 185 Cal. 386, 197 P. 113; Barker v. Lashbrook, 128 Kan. 595, 279 P. 12; Bowers v. Atchison, T. S. F. Ry. Co., 119 Kan. 202, 237 P. 913; Carter Oil Co. v. Delworth, 120 Fed. 2d 589; Cox v. Campbell, 135 Tex. 428, 143 S. W. 2d 361; Henderson v. Hatterman, 146 Ill. 555, 34 N. E. 1041; Jacob v. Woolfolk (1890) 90 Ky. 426, 14 S. W. 415; Joslin v. State (Tex. Civ. App.) 146 S. W. 2d 208; Muldoon v. DeLine, 135 N. Y. 150, 31 N. E. 1091; Paine v. Consumers Forwarding & Storage Co., 71 Fed. 626; Reese v. Morgan Silver Min. Co., 17 Utah 489, 54 P. 759; Rio Bravo Oil Co. v. Weed (Tex.) 50 S. W. 2d 1080; 85 A. L. R. 391; Roxanna Pet. Co. v. Jarvis, 127 Kan. 365, 273 P. 661; Roxanna Pet. Co. v. Sutter, 28 Fed. 2d 159; Rucker v. Bolles, 80 Fed. 504; Shell Pet. Corp. v. Hollow, 70 Fed. 2d 811; State v. Kilburn, 16 Utah 187, 52 P. 277; Talbot v. Massachusetts Mut. Life

Ins. Co., 177 Va. 443, 14 S. E. 2d 335; Texas Bitulithic Co. v. Warwick (Tex. Com. App.) 293 S.W. 160; Tousley v. Galena Mining & Smelting Co., 24 Kan. 239; Van Winkle v. Van Winkle, 184 Ill. 193, 77 N.E. 33; Wheeler v. Wheeler, 111 S. C. 87, 96 S. E. 714; Federal Crude Oil Co. v. Yount-Lee Oil Co. (C.C.A. Tex.) 103 Fed. 2d 171, cert. den. 60 S. Ct. 96, 308 U. S. 579, 84 L. Ed. 485; Lackner v. Bybee (Tex. Civ. App.) 159 S. W. 2d 215.

In Brown v. Bachelder, 214 Cal. 753, 7 P. 2d 1027, the Supreme Court of California again stated and followed a similar rule of conveyance and noted that such rule or so-called presumption was "highly favored in the law."

The attorney for plaintiff does not here question the soundness of this well-recognized rule, but would argue around it in this case. So he treats the rule as a mere evidentiary presumption and offered to have Mrs. Holzapfel now state as a witness that when she joined with her husband and Mr. Ames in the conveyance in 1905 to defendant Alexander Drug Company there was no intention to convey the right of reversion in the disputed strip. Error is now predicated on the exclusion of that evidence.

In behalf of plaintiff there are cited many cases holding that mere evidentiary presumptions may be rebutted by evidence. Reference is made to our statute making tax deeds presumptive evidence of certain facts and to our rule that they are rebuttable by evidence. We have no doubt that is correct.

But there is complete error in treating the rule here considered as a mere evidentiary presumption. It is far more than that. It is a rule of conveyance, or of construction of conveyance, a fixed presumption imposed by law, or a legal presumption, and is so referred to in the above-cited decisions. The rule comes into play when the conveyance is executed and delivered, so as to settle titles, which therefore need not wait suspended until testimony of intent is given years later. We are cited to no decision or text which even implies that this rule

is a mere evidentiary presumption to be rebutted as here sought.

It is true this rule of construction of conveyance may be rebutted, but the general rule is stated in 8 Amer. Jur. 775, that "the means of rebuttal must be within the conveyance itself," and that if a grantor (situated as were Ames and Holzapfel) desire to retain the right of reversion to a strip of abutting easement way he must see to it that "it clearly appears from the language of the conveyance that such reservation was actually intended. The intent must be clearly expressed."

No decision cited nor text statement supports the theory that this rule of conveyance or so-called presumption may be rebutted by parol evidence as to what the grantor did or did not intend to convey. On the contrary, it is stated repeatedly in the authorities that the intention must be observed from the conveyance itself, and that title passes to a disputed strip such as here involved unless clearly set out to the contrary in the deed.

Several decisions expressly hold that parol evidence may not be relied on to rebut this rule. See our own decision in the Jennings Case; Wheeler v. Wheeler; Anderson v. Citizens Savings & Trust Co., all heretofore cited. Those decisions cite other cases to the same effect, with no case called to our attention holding otherwise. To the same effect see 8 Amer. Jur. 813.

It therefore conclusively appears that the ruling of the trial court was correct in excluding the parol evidence offered.

Finally, plaintiff urges that the trial court committed reversible error in denying plaintiff a jury trial. The case of Fitz-Gerald v. Lightfoot, 180 Okla. 598, 71 P. 2d 707, and other cases are cited to support the rule that in actions of this character there exists the right to a jury trial of issues of fact. Here, after examination of the pleadings and hearing the opening statements of counsel, the trial court concluded that there were no issues of fact and that the case would be controlled by determination of

the issues of law by the court. That conclusion of the trial court was correct, as it is demonstrated by this opinion that there is no material issue of fact. Under the statute relied upon by plaintiff, 12 O. S. 1941 § 556, the issues of law are to be determined by the court. In this case, if a jury had been impaneled it would have been the duty of the court at the conclusion of the trial to withdraw the case from the jury and determine it. The denial of a jury was therefore not error. See Lackey v. Wagoner, 89 Okla. 48, 213 P. 742, and Lorance v. Home Building & Loan Ass'n, 180 Okla. 168, 68 P. 2d 416.

Finding no error, the judgment of the trial court is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, V. C. J., absent. ARNOLD, J., not participating.

### On Rehearing.

PER CURIAM. It is argued by plaintiffs in error, on rehearing, that the right or interest retained by Ames and Holzapfel by their deed to the railway company of April 16, 1902, was not alienable by them, and that since it was not alienable the presumption cannot be indulged that by their deed to the Alexander Drug Company, made in 1905, they intended to convey such right or interest, and that the rule stated in Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. 2d 82, and followed in other cases, does not apply. They rely upon Oklahoma City v. Local Federal Savings & Loan Ass'n, 192 Okla. 188, 134 P. 2d 565, and Jones v. Oklahoma City, 193 Okla. 637, 145 P. 2d 971, as authority for the proposition that such right was not alienable. The cases thus relied upon are not in point. They involved deeds that were governed by the 1890 Statutes, which specifically made the right of re-entry inalienable except to the person owning the estate held on condition subsequent. The property Code was rewritten in 1893, and was carried into the 1903 (Wilson) Code, which governed the deed made in 1905 to the Alexander Drug Company. Under the 1903 Code the distinctions between deeds on condition subsequent and deeds on conditional limitation are abolished, and all future interests are either reversions or remainders (§§ 4033, 4034), and every remainder "is to be deemed a conditional limitation" (§ 4043). Section 4034 provides:

"When a future estate, other than a reversion, is dependent on a precedent estate, it may be called a remainder, and may be created and transferred by that name."

Under our property Code as it has existed since 1893 (60 O. S. 1941 §§ 1 to 349), interests in real property and the right to acquire and transfer them are governed by statute. Knight v. Kimble, 99 Okla. 48, 225 P. 909; Porter v. Porter, 97 Okla. 231, 222 P. 971; Maynard v. Hustead, 185 Okla. 20, 90 P. 2d 30.

It follows that, in 1905, the interest retained by Ames and Holzapfel in the property conveyed to the railway company in 1902 was alienable. Being alienable, the rule stated in Cuneo v. Champlin Refining Co., above, and followed in Oklahoma City v. Dobbins, 189 Okla. 381, 117 P. 2d 132, is applicable, and the effect of the deed to the Alexander Drug Company, made in 1905, was to transfer to the Alexander Drug Company the remainder in the 20-foot strip involved in the present case. The Dobbins Case involved interests, deeds, and facts similar to those involved in the present case. In that case, however, the alienability of the interest owned by Almira Wilkinson in the land that had been conveyed to the railway company was not questioned, and hence was assumed and not discussed in the opinion. The deed there involved was made in 1900, at a time when the interest so retained was alienable under the statutes then in force, and which are still in force.

The petition for rehearing is denied.

CORN, C.J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, J., concurs in result. RILEY and BAYLESS, JJ., concur in denying rehearing. GIBSON, V.C.J., dissents.