CONTINENTAL OIL CO. v. PATCHELL.

No. 32054. March 25, 1947.

Rehearing Denied May 20, 1947.

*180 P. 2d 825.*

William H. Zwick, of Ponca City, for plaintiff in error.

C. H. Bowie, of Pauls Valley, for defendant in error.

ARNOLD, J. Patchell was the owner of 120 acres of land across which ran Highway 77 and a railroad. He executed an oil and gas lease thereon to the Texas Company which it fully developed and was producing oil and gas therefrom. Theretofore Patchell deeded in fee the 3.58 acres lying west of the highway. The railroad right of way comprised 3.10 acres.

Patchell executed a mineral deed describing the 120 acres to one Skaggs, the granting clause of which is as follows:

"an undivided one-half (½) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Garvin County, State of Oklahoma, to wit: (Then follows the legal description of 120 acres in sec. 25, twp. 4 N., R. 1 W.), except and less 3.10 acres for railroad right of way and also less all that part of . . . lying and being west of the right of way of U. S. Highway 77, being 3.58 acres, more or less, containing 113.32 acres, more or less, together with the right of ingress and agress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals, . . . "

All subsequent transfers of this mineral interest contained the foregoing granting clause.

Continental contends that the foregoing expression in the granting clause, "except and less 3.10 acres for railroad right of way," has a well-defined and accepted meaning, is not ambiguous, constitutes a limitation merely on the estate transferred, and is not an exception or reservation of any portion of the minerals under said railroad right of way. It cites and relies on Barker v. Lashbrook, 128 Kan. 595, 279 P. 12; Jennings v. Amerada Petroleum Corp.,

179 Okla. 561, 66 P. 2d 1069; United States v. Magnolia Petroleum Co., 110 Fed. 2d 212; Roxana Petroleum Corp. v. Jarvis, 127 Kan. 365, 273 P. 661.

In a suit such as this, to interpret and determine the legal effect of such an expression in the granting clause in a deed, the then present intention of the grantor is controlling but must be determined within the four corners of the instrument.

This is a deed to an undivided one-half interest in the minerals under and that may be produced from a tract of land, subject to a valid and producing lease thereon which provided for a definite royalty. No right of ingress or egress for development could be exercised, though provided in the deed, during the life of the lease to the Texas Company. The practical effect of the deed as of its date, therefore, was to grant a right to participate in the royalty accruing under the operations of the Texas Company. No right of ingress or egress, development or other use of the surface by the grantee was in contemplation of the parties at date of execution of deed or thereafter during the operation thereof by the Texas Company. Why would the grantor under such circumstances call the attention of the grantee to a dominant easement merely for the purpose of suggesting to the grantee that his use of the surface would be hampered to the extent thereof? The grantee here had no right to use of the surface during the life of the lease of the Texas Company. Not so in the cases cited and relied on by Continental where the interpretation of somewhat similar expressions appeared in deeds to the fee or in oil and gas leases. In those cases the use of the surface was an integral part of the grants and necessary for the purposes of the grantee. Attention is also called to the somewhat peculiar and significant wording of the granting clause with reference to the exceptions "except and

less" as to the 3.10 acres and "also less" with reference to the 3.58 acres theretofore deeded. Note, too, that a 120-acre tract is described and the exception clauses are a part of the granting sentence concluded by the expression "containing 113.32 acres, more or less". The sum of the two excepted parcels subtracted from 120 equals 113.32. The exclusion is of a definite number of acres particularly described as the railroad right of way.

Possession and use of the surface by Continental being effectively excluded and not within the contemplation of the parties, at least during the life of the lease of the Texas Company, it does not appear reasonable to us that the grantor intended and did entirely except the 3.58-acre tract lying west of the highway, which is admitted, but intended only to limit the 3.10 acres comprising the railroad right of way by calling attention merely to the use of the surface for right-of-way purposes. Under the circumstances, such an interpretation would lead to an absurdity. We must therefore agree with Continental that the granting clause is not ambiguous, but, contrary to its contention, the words of reservation as to the 3.10 acres comprising the right of way had the effect of excepting the minerals under said parcel from the grant.

The proof of Patchell that he intended to exclude the minerals thereof from his grant, introduced and entertained by the court on the theory that ambiguity existed, though not necessary, was harmless and renders conclusive that which we have determined.

The judgment quieting title to the minerals under the railroad right of way in Patchell is affirmed.

DAVISON, V.C.J., and RILEY, OSBORN, WELCH, and CORN, JJ., concur. HURST, C.J., and GIBSON, J., dissent.