PUTNAM et al. v. OKLAHOMA CITY.

No. 33818. Oct. 31, 1950.

Rehearing Denied Nov. 21, 1950.

*224 P. 2d 270.*

DeWayne Hays and Curtis P. Harris, both of Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Arthur Leach and Raymond Gramlich, Asst. Municipal Counselors, all of Oklahoma City, for defendant in error.

HALLEY, J. On July 11, 1903, I. M. Putnam and the College Park Land Company sold the Metropolitan Railway Company a right of way for its line of railway through the east half of section twenty (20) and the southeast quarter of section seventeen (17), township twelve (12) north, range three (3) west of the Indian Meridian, Oklahoma county, Oklahoma. This is now a strip of ground in the center of Classen Boulevard, from 23rd street to the alley north of 42nd street, in Oklahoma

City. The Metropolitan Railway Company sold this right of way to the Oklahoma City Railway Company. At the time he sold, I. M. Putnam owned all of the land on which he conveyed the right of way except a part thereof between 23rd and 25th streets. As to this, he acquired the land that abutted the boulevard on the west. There was a driveway on each side of the railroad right of way, and in the deed to him the boulevard and railroad right of way were recognized as being in existence. The deed to the railway company provided that if the railway through the premises were permanently abandoned, the title thereto should revert to the grantors or their assigns. In 1947 the railway was abandoned. The plaintiffs claim damages from the city as owners of the property in a reverse condemnation proceeding, asserting that the land belongs to them by virtue of Putnam's original ownership and conveyance by him to the other plaintiffs of an interest in the abandoned right of way, and that commissioners should be appointed to fix the value of the land so taken. Putnam conveyed all his interest in the land on each side of the right of way before the right of way was abandoned. The city of Oklahoma City claims the property as a part of the boulevard. Commissioners were appointed and filed their report. The defendant excepted to the report of the commissioners and prayed that the report be rejected and the plaintiffs denied any relief. After the introduction of testimony and a full hearing, the prayer of the defendant was sustained, and the plaintiffs were denied any relief.

The question in this case is simply whether or not the plaintiffs have any title in the property in question for which they may be compensated for the taking thereof by the city.

We shall discuss the different tracts of land beginning at 23rd street and going north. The right of way between 23rd and 24th streets belonged to I. M. Putnam and J. B. Rone when Putnam sold it to the railway company. Putnam conveyed his interest in this property that was covered by the right of way to third persons, but excepted the right of way. We have held that the term "except right of way" in the granting clause of a deed has a well-defined and accepted meaning and contains no element of ambiguity, and that thereunder the grantor conveys his entire interest in the servient estate and at the same time expressly recognizes and acknowledges the dominant estate; so as to this tract the plaintiffs have no claim. Jennings v. Amerada Petroleum Co., 179 Okla. 561, 66 P. 2d 1069.

Between 24th and 25th streets, Putnam acquired from a man named Lund all of the right of way except 50 feet on the north, which was in the part Putnam acquired from the Oklahoma Orphanage. Putnam platted an addition on the west side of the right of way in this block and dedicated a boulevard 55 feet wide on the west side of the railroad right of way. On the east side, the land was sold by metes and bounds, and the west boundary was fixed as the east line of the right of way. Under the case of Kassner et al. v. Alexander Drug Co. et al., 194 Okla. 36, 147 P. 2d 979, and Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. 2d 82, and Oklahoma City v. Dobbins, 189 Okla. 381, 117 P. 2d 132, the right of way went with the property sold.

From 25th street to the middle of the block between 26th and 27th streets, the property on the west of the right of way was platted and dedicated as Epworth View Addition to Oklahoma City. On the east side of the right of way, Putnam again sold the property by metes and bounds. The same situation exists here as in the block to the south, and the cases cited in the preceding paragraph are applicable here.

Beginning at the middle of the block between 26th and 27th streets and north to the alley north of 42nd street, the entire boulevard was either platted and dedicated for street purposes or a specific grant was made to the public for street purposes.

The plaintiffs have no title upon which to base their reverse condemnation action, so the judgment of the trial court in this case was correct.

Affirmed.