Almeta **HILL**, Marcella Hill Godfrey, and Hayden Hill Cole, Plaintiffs in Error,

v.

Minnie A. **CUNNINGHAM** a/k/a Mittie A. Cunningham, et al., Defendants in Error.

No. 38019.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Richard H. Godfrey, Houston Bus Hill, Oklahoma City, and Charles Douglas Van-Dyke, Jr., Chickasha, for plaintiffs in error.

C. M. Cavaness, Chickasha, for defendant in error, Mittie A. Cunningham.

PER CURIAM.

This action involves the title of an abandoned railroad right of way. Plaintiffs claim ownership through the allottee of the entire area formerly subject to the now abandoned right of way servitude. Defendant claims ownership of the one-half of that right of way property which abuts on the adjoining property conveyed to her husband, now deceased, by the allottee. The trial court held for the defendant and plaintiffs have appealed. The facts are not disputed.

In 1956 plaintiffs acquired whatever title they now own by quit claim deed from their mother who was the allottee of the property out of which the right of way area now in dispute was taken. At the time of the patent from the Choctaw-Chickasaw Nations to her, the railroad right of way was in existence and extended across the property allotted north-south in a slightly curved course to the northwest. This railroad effected a physi-

cal division of the land into two parts, that part to the east being somewhat larger in area than that to the west of the railroad. In 1941, after having acquired from a deceased son, who was the allottee, certain additional area to the east of the right of way and opposite a portion of her allotment on the west, plaintiffs' grantor conveyed to Cunningham a portion of her allotment described as that part of certain sections, township and range, "lying and being west of the right of way" of the railroad. This deed was executed pursuant to a written contract of sale which provided that the property sold was that "located and being West and South of the right of way." The contract of sale also provided that this property of approximately 80 acres would be surveyed and the "exact number of acres" described would be determined and inserted in the deed for which the grantee would pay the allottee on the basis of $95 per acre. The surveyed tract contained 79.11 acres which did not include any of the right of way or any property in the described section east of the right of way. At the time of this transaction, the railroad right of way was separated by a fence from the adjoining property, and abutting on the railroad right of way on the west was a county road 50 feet in width which followed the course of the railroad across the property and which was likewise separated therefrom by another fence. The county road was included in the area for which compensation was paid. After this sale the allottee still owned all that part of her allotment and inherited land not conveyed to Cunningham, and she has subsequently conveyed this property to these plaintiffs who are her children. This property is not within a municipality. The railroad abandoned the right of way in 1942.

Whatever may have been thought heretofore, it is now definitely determined that the allottee acquired by the patent all the title of the tribe to the property out of which the railroad right of way was carved, notwithstanding the qualification in the patent description, and that the railroad only owned an interest, in the nature of an easement, for right of way purposes. The servient estate, subject only to the railroad's rights, passed to the allottee by the patent. United States v. Magnolia Petroleum Co., 10 Cir., 110 F.2d 212; Seminole Nation v. White, 10 Cir., 224 F.2d 173, certiorari denied 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787; Chickasha Cotton Oil Co. v. Town of Maysville, 10 Cir., 249 F.2d 542; St. Louis-San Francisco Ry. Co. v. Town of Francis, 10 Cir., 249 F.2d 546. See also United States v. Union Pac. R. Co., 353 U.S. 112, 77 S.Ct. 685, 1 L. Ed.2d 693. It is not contended in this action that the railroad company acquired the fee in its right of way in any manner authorized by the Congressional Acts; therefore, its deed to the defendant is of no consequence. The resolution of this controversy depends upon the effect of the deed from the allottee to the defendant's husband.

Defendant predicates her right to recover on the rule sometimes denominated the "strips and gores" rule. This rule apparently was first found to be applicable in this jurisdiction to a situation involving a railroad right of way in the case of Cuneo v. Champlin Refining Co., 178 Okl. 198, 62 P.2d 82, 83. In that action, as here, the deed by its express provisions did not include the property covered by the right of way. But there, contrary to the situation here, the grantor did not retain property abutting on the right of way. The syllabus of that case expressed the applicable rule in the following manner:

"The grantor of land bordering or abutting upon a railway right of way, who owns the fee of such right of way subject to the burden of the right of way, and who subsequent to the grant owns no part of the land on either side of the right of way, is presumed to have conveyed his interest in the right of way, unless a contrary intention clearly appears or is expressed."

Special note was taken in the opinion, and incorporated in the syllabus, of the

fact that the grantor retained no property abutting on either side of the right of way. The succeeding cases, in which the rule was applied, each involved the same factual basis and the statement of the syllabus was not altered. See Oklahoma City v. Dobbins, 189 Okl. 381, 117 P.2d 132; Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979; Putnam v. Oklahoma City, 203 Okl. 570, 224 P.2d 270. The common appellation by which the rule is known foretells the qualification on the applicability of the presumption which, in its use, sometimes requires a result not altogether consistent with the plain language of an instrument. The policy of the law expressed by the rule is the abolition of "strips and gores" ownership of property except when the intent is plainly contrary to the presumption. The rule is not applicable to all deeds to property abutting on right of ways simply because of that fact alone. It is merely a presumption which may be rebutted by the circumstances.

In this action the rule is not applicable. This is true first, because the circumstances calling for the use of the presumption do not exist. Here, the grantor retained all the property on the east of the right of way. No narrow strip of property unassociated with the ownership of abutting lands would result upon the abandonment of the right of way. Second, because the deed and contract of sale clearly indicate, considering the circumstances of the moment, that the fee to the right of way was not meant to be conveyed. Ordinarily, only that property described by the terms of a deed is conveyed by the instrument. Tit. 15 O.S.1951, §§ 152 and 154; Continental Oil Co. v. Patchell, 198 Okl. 614, 180 P.2d 825; Joy v. Kizziar, 169 Okl. 642, 38 P.2d 493. This deed, by its terms conveyed only that property west of the railroad right of way.

The judgment is reversed with directions to render judgment for plaintiffs.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.