FUHR v. OKLAHOMA CITY et al.

No. 31906. Nov. 14, 1944.

*153 P. 2d 115.*

townsite of Oklahoma City. Sam Fuhr died during the pendency of the proceeding and Antoine H. Fuhr, his sole heir, then prosecuted the proceeding as sole plaintiff. Sarah Joslyn intervened claiming title to the property. From a judgment awarding the condemnation money to intervener, the plaintiff, Antoine H. Fuhr, appeals.

The material facts are as follows: On June 8, 1891, Rachel Fuhr, who then owned said lot, by quitclaim deed, conveyed the south 40 feet thereof to the Choctaw Coal & Railway Company. The deed contained this clause:

". . . being intended for the use and occupation of said second party its successors and assigns as for its right-of-way for the construction, operation and maintenance of its railroad and business at or upon the land hereby released and quitclaimed. Provided that in case of abandonment of said second party its successors or assigns for the purpose above mentioned, the same shall revert to the grantor their heirs or assigns."

On April 13, 1892, Rachel Fuhr conveyed the entire lot to John Wallace. By mesne transfers the title to all but the south 40 feet of said lot became vested in John Threadgill prior to May 22, 1903, on which date Rachel Fuhr and husband, by quitclaim deed, conveyed all of said lot to John Threadgill. By mesne transfers the interest of John Threadgill became vested in the intervener, Sarah Joslyn, who owned such interest at the time of the filing of this proceeding on March 4, 1944. The interest, if any, of Rachel Fuhr belonged to Antoine H. Fuhr at the time this proceeding was tried. The interest of the Choctaw Coal & Railway Company in said property became vested in the Choctaw, Oklahoma & Gulf Railroad Company, which company leased the railway track and land here involved to Chicago, Rock Island & Pacific Railroad Company for a period of 999 years. Said tract of land was used continuously for railroad right-of-way purposes from the time the railroad was constructed in 1891 until December 4, 1930, when the railroad companies ceased to use it for railroad purposes,

Chas. H. Garnett, of Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, all of Oklahoma City, and Gordon Stater, of Los Angeles, Cal., for defendants in error.

HURST, J. This is a condemnation proceeding in reverse commenced by Sam Fuhr and Antoine H. Fuhr, as plaintiffs, against Oklahoma City to assess damages resulting from the appropriation by the city of the south 40 feet of lot 32 in block 49 in the original

484

and abandoned it, and conveyed and surrendered possession of it to Oklahoma City, and it has since said date been used by Oklahoma City for public purposes. The foregoing facts were established by a written stipulation and some oral testimony, and they are not in dispute.

It will thus be seen that at the time this proceeding was tried the plaintiff, Antoine H. Fuhr, owned only such interest, if any, in said property as Rachel Fuhr owned after her conveyance of May 22, 1903, to John Threadgill, and the intervener owned such interest therein as John Threadgill acquired by said deed. The trial court held that the effect of said conveyance was to vest in John Threadgill all of the interest of Rachel Fuhr, and rendered judgment in favor of the intervener, from which judgment the plaintiff has appealed.

The deed of June 8, 1891, conveyed to the railway company a determinable fee on condition subsequent. Oklahoma City v. Federal Savings & Loan Ass'n et al., 192 Okla. 188, 134 P. 2d 565. By it, the grantor retained a mere right of re-entry. The question for decision is whether such a right could be conveyed to a third person on May 22, 1903, when the deed from Rachel Fuhr and husband to John Threadgill was made.

In Jones v. Oklahoma City, 193 Okla. 637, 145 P. 2d 971, we held that, by reason of the provisions of section 6651 of the Statutes of Oklahoma of 1890, a mere right of re-entry was not alienable in 1891 to anyone except the owner of the fee. It follows that the deed of April 13, 1892, from Rachel Fuhr to John Wallace did not have the effect of transferring the right of re-entry to Wallace, since section 6651 was then in effect. In a supplemental opinion on rehearing in Kassner v. Alexander Drug Co., 194 Okla 36, 147 P. 2d 979, we held that section 6651 of the Statutes of Oklahoma of 1890 was repealed in 1893, and that, in 1905, the right of re-entry was alienable by reason of the provisions of sections 4033, 4034, and 4043 of Wilson's 1903 Code.

The appellant contends that we were in error in the Kassner Case in saying that the Property Code was rewritten in 1893; that in fact the sections of the 1903 Code on which the Kassner decision was based were in the 1890 Code and that the only change made in 1893 of the 1890 Code was the repeal of the portion of chapter 86 of the 1890 Code on the subject of "Transfers," including section 6651; that the repeal of section 6651, which simply enacted the common law rule, did not have the effect of nullifying the common law rule; and that since the right of re-entry was not alienable at the time the deed of June 8, 1891, was made, no subsequent change of the law would make it alienable.

It is true, as argued by appellant, that the Property Code was not entirely rewritten in 1893. We have examined the journals of the 1893 Territorial Legislature, and find that on February 23, 1893, several laws became effective repealing all of articles 2 and 3, of chapter 69 of the Statutes of 1890, on the subject of "Property," and repealing all of articles 1, 3, 6, and 7 of chapter 86 of the Statutes of 1890 on the subject of "Transfers." Section 6651 was in article 1 of chapter 86. And when the 1893 Stat. was compiled the portions of the chapters on "Property" and "Transfers" so repealed were properly omitted therefrom.

Sections 4033, 4034, and 4043 of the 1903 Stat. referred to in the Kassner opinion, have been in our property statutes since 1890. They are found respectively in our several codes as follows: Sections 4132, 4133, and 4142 of the 1890 Stat.; sections 3705, 3706, and 3715 of the 1893 Stat.; sections 6603, 6604, and 6614 of the 1910 Revised Laws; sections 8408, 8409, and 8419 of the 1921 Compiled Statutes; sections 11754, 11755, and 11765 of the 1931 Compiled Statutes; and 60 O. S. 1941 §§ 29, 30, and 40.

It thus appears that, under the 1890 Stat., we had section 6651, which specifically provided that "a mere right of

re-entry, and of repossession for breach of a condition subsequent, cannot be transferred to anyone except the owner of the property affected thereby," and we had section 4133, which provided that "when a future estate, other than a reversion, is dependent on a precedent estate, it may be called a *remainder* and may be created and transferred by that name," and sections 4132 and 4142, which materially changed the common law. In our prior decisions, the apparent conflict of section 6651 with sections 4132, 4133, and 4142 of the 1890 Stat. was not called to our attention, and we did not consider or discuss the conflict. However, we are of the opinion that we reached the correct conclusion in Jones v. Oklahoma City, above, in holding that a mere right of re-entry was not alienable while section 6651 was in effect. Section 6651 was in the chapter on "Transfers" and was specific. The other sections were in the chapter on "Property" and were more general. We were there dealing with the specific right of transfer. The general rule of statutory construction is that in case of conflict between a specific statutory provision and a general one, the specific provision will control. See Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 P. 468; 59 C.J. 1056; 25 R.C.L. 1010; 50 Am. Jur. 371.

There is no merit in appellant's contention that the repeal of section 6651 in 1893 did not have the effect of nullifying the common law rule of which section 6651 was an enactment. With the repeal of section 6651, leaving sections 4132, 4133, and 4142 still in effect, the conflict between them just mentioned was removed. In the Kassner Case, we held that sections 4132, 4133, and 4142 of the 1890 Stat. (sections 4033, 4034, and 4043 of the 1903 Stat.) abrogated the common law rule, and that under them the distinction between deeds on condition subsequent and deeds on conditional limitation were abolished, and all future interests are either reversions or remainders and are alienable. We now adhere to that view.

There is likewise no merit in the contention of appellant that, because the right of re-entry was not alienable in 1891 at the time it came into being, no future change in the law could make it alienable. While it is true, as pointed out in Oklahoma City v. Local Federal Savings & Loan Ass'n, above, that the quality of the estate conveyed or retained by a deed is governed by the law in force when the deed is executed, that rule does not prevent the Legislature from changing the law as to the right to convey or the method of conveying. The change in the law of 1893 simply removed the restriction on the right of Rachel Fuhr to freely convey the property. It conferred a privilege on her which she was at liberty to take advantage of. She had no vested right in the existing law, which deprived her of the right to sell the right of re-entry to any one other than the owner of the fee, and which in fact deprived her of a valuable right. Crump v. Guyer, 60 Okla. 222, 157 P. 321; 11 Am. Jur. 1200.

We conclude that the right of re-entry, retained by Rachel Fuhr by the deed to the railroad company, was alienable in 1903, and was vested in John Threadgill by the deed made on May 22, 1903. It follows that the intervener, who succeeded to the rights of John Threadgill, became the owner of the property in question on December 4, 1930, when the railroad companies abandoned it, and that she is entitled to the condemnation money.

Affirmed.

CORN, C.J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and RILEY, J., concur in conclusion. BAYLESS, J., dissents.