CROWL, Adm'r, et al. v. TIDNAM et al.

No. 32419. April 8, 1947.

Rehearing Denied June 10, 1947.

*181 P. 2d 549.*

Cantrell, Carey & McCloud, of Oklahoma City, for interveners and plaintiffs in error.

W. K. Garnett, Chas. H. Garnett, and A. L. Jeffrey, Municipal Counsellor, and Arthur Leach, Asst. Muncipal Counsellor, all of Oklahoma City, for defendants in error.

CORN, J. This is an appeal from a judgment rendered in favor of plaintiff in the district court of Oklahoma county, in an action in reverse condemnation to assess and recover damages resulting from the taking and appropriation to the public use by the city of Oklahoma City of certain real estate described as:

"North Forty (40) feet of Lots Thirty (30) and Thirty-One (31) in Block Twenty-One (21) in the Original Townsite of the City of Oklahoma City in the County and State of Oklahoma, according to the recorded plat thereof."

Plaintiff asserted title by inheritance and ownership of the property on December 4, 1930, the date of the appropriation by the city. By order of the trial court the plaintiffs in error, as administrator and heirs at law of J. W. Pursel, deceased, were allowed to file their petition in intervention setting up their title and claim of ownership of the property.

Interveners' claim of ownership is based upon the following facts. On June 16, 1891, J. W. Pursel and wife, owners of the lots, gave a quitclaim deed of the property in question to a railroad company. The land was to be used for right-of-way and railroad purposes, and the deed contained the following provision:

"Provided that in case of abandonment of said privileges by second party, its successors or assigns, for the purpose above mentioned, the same shall revert to the grantors, their heirs or assigns, . . ."

November 17, 1894, Purcel, a single man, conveyed all of lots 31 and 32 to Richards and Baker by warranty deed. On December 4, 1930, the railroad company abandoned the parcel in question for railway purposes, and the city appropriated same for its own use. The interveners claim they succeeded to the rights in the land, in that under the proviso contained in the quitclaim deed of 1891, title reverted to them, as heirs of original grantor, upon abandonment of the use by the railroad.

The case was presented to the trial court upon the single issue as to the ownership of this parcel of land upon abandonment by the railroad company and appropriation by the city. The issue as to the value of the land was reserved for determination after adjudication of the question of ownership.

On request the trial court made written findings of fact and conclusions of law, holding that: (1) The Pursel deed of 1891 conveyed a fee upon condition subsequent and reserved in the grantors a right of re-entry and repossession in the event of abandonment; (2) this right was inalienable and could not be transferred, except to the railroad company, so long as section 6651 of the Oklahoma Territory statutes of 1890 remained in force; (3) this statute was repealed February 23, 1893, and that thereafter the right of re-entry and repossession, upon breach of the condition in the deed, became alienable and the warranty deed from Pursel to Richards and Baker, purporting to convey all of

said lots, did convey all of Pursel's title and interest; (that such right of re-entry and repossession had passed to plaintiff by various conveyances and by inheritance, and that plaintiff owned such right on the date the property was abandoned for railroad purposes.)

The trial court further found as a matter of law that interveners were not entitled to recover and all issues were found in favor of plaintiff generally. The findings of fact and conclusions of law (partially set out above) were incorporated into the journal entry of judgment, from which the interveners have appealed.

On the date Pursel's quitclaim deed was given in 1891, the following applicable statutes were in force (Statutes of Oklahoma, 1890) chapter 69, art. 4, Estates in Real Property:

Section 4132. "The reversion is the residue of an estate left by operation of law, in the grantor, or his successors, or in the successors of the testator, commencing in possession on the determination of a particular estate, granted or devised."

Section 4133. "Where a future estate, other than a reversion, is dependent on a precedent estate, it may be called a remainder, and may be created and transferred by name."

Section 4142. "A remainder may be limited on a contingency which, in case it should happen, will operate to abridge or determine the precedent estate; and every such remainder is to be deemed a conditional limitation."

Chapter 86, art. 1, Transfers in General, contained the following section:

"6651. A mere right of re-entry, or of repossession for breach of a condition subsequent, cannot be transferred to anyone except the owner of the property affected thereby."

Following this provision was article 2 of chapter 86, Transfers of Real Property, containing the following provision (quoting the pertinent portion) in section 6679, subd. 5:

"Fifth. Where a grant is made upon condition subsequent, and is subsequently defeated by the nonperformance of the condition, the person otherwise entitled to hold under the grant must re-convey the property to the grantor or his successors, by grant duly acknowledged for record."

In 1893, the Legislative Assembly expressly repealed section 6651, above. Section 6679, above, was carried forward into the 1893 Laws as section 6101. Sections 4132, 4133 and 4142 were carried forward as sections 3705, 3706 and 3715 in the 1893 Statutes.

Then, in 1897, the Legislative Assembly expressly repealed chapter 82, of the Statutes of 1893, entitled "Transfers," of which section 6101, above, was a part.

In asking reversal of the trial court's judgment the plaintiffs in error (interveners) make three contentions. However, these contentions are so closely related that the decision herein turns upon the sole question whether the right retained by Pursel (of re-entry and repossession) under the quitclaim deed of 1891 was alienable at the time he gave his warranty deed to Richards and Baker in 1894, at which time section 6101, Statutes 1893, was in force and effect. This is presented by plaintiffs in error as follows:

"Did the warranty deed from Pursel to Richards and Baker purporting to convey all of lots 30 and 31, made and executed on November 27, 1894, at which time sec. 6101, subd. 5, Statutes of Oklahoma of 1893 (being the same as sec. 6679, subd. 5, Statutes of Oklahoma of 1890) was in force and effect, convey the right of re-entry and repossession on condition broken which Pursel had preserved in himself and heirs to the north 40 feet of these lots by his quitclaim deed to the Railway Company dated June 16, 1891, conveying a determinable fee on condition subsequent to the 40-foot strip; and did said warranty deed, in form and in content and by specific reference, convey and transfer Pursel's vested right (contractual in nature), fixed and guaranteed by the express provisions of sec. 6101, subd. 5, Statutes of Oklahoma of 1893, to have

the north 40 feet of said lots reconveyed to him upon abandonment (breach of condition subsequent), of said land by the Railway Company for railway purposes?"

Plaintiffs in error insist that our prior decisions regarding such interests in similar instances are inapplicable, inasmuch as we have not heretofore considered the effect of section 6101 upon the conveyances wherein grantors have been held to have divested themselves of their rights of re-entry and repossession in the event the condition of the original deed was broken. See Kassner et al. v. Alexander Drug Co. et al., 194 Okla. 36, 147 P. 2d 979, and Fuhr v. Oklahoma City et al., 194 Okla. 482, 153 P. 2d 115.

The entire basis of the argument of plaintiffs in error is that in 1891 the right reserved to Pursel in his quitclaim deed was an inalienable right; that while section 6651 (Statutes of 1890) was repealed in 1893, it was a statutory adoption of the common-law rule, and the repeal thereof reinstated the common-law distinction between conditions subsequent and conditional limitations, and the repeal of section 6651 could not destroy the distinction between the types of deeds and render the right of re-entry alienable so long as section 6101, subd. 5, was in force. Thus interveners argue that since the distinction was not done away with until the repeal of 6101, in 1897, the deed given by Pursel in 1894 could not have divested him of his right, such right at that date being inalienable.

We have recently held that repeal of a statute declaratory of the common law does not restore the common-law rule when there are other sections of the statute which abrogate the common law. Fuhr. v. Oklahoma City, supra. And, in paragraph 2 of the syllabus, we explicitly held that the repeal of section 6651 in 1893 did not restore the common-law rule (against alienability) since other sections of the statutes which abrogated such rule were not repealed, but remained in effect.

Upon the repeal in 1893 of section 6651, Statutes 1890, the right of re-entry and repossession became an alienable right which was vested in Pursel in 1894 when he conveyed the property by warranty deed. (The sections of the statute which vested this remainder or reversion in him were carried forward, while the one section, 6651, which had formerly made such reversionary interests inalienable was repealed.)

Under sections (4132, 4133 and 4142, Statutes 1890) 3705, 3706 and 3715, Statutes 1893, the reversion or remainder reverted to a grantor or successor without any further action being taken, wholly by operation of law, upon breach of the original condition.

But, section 6101, subd. 5, it was provided that the reversion should be made a matter of record by requiring the owner of the defeasible estate to reconvey the property to the grantor or to his successors.

As defendants in error point out, the right to receive a reconveyance under section 6101, subd. 5, was not a personal right which could exist separate from the ownership of the property. It was not a right that could be enforced except by the one who owned the property at the time of the breach of the condition. Being incidental to ownership, it necessarily passed by warranty deed conveying Pursel's entire rights in the property.

This statute gave the grantor, or his successors, the right to require reconveyance upon breach of the conditions. Without title to the land the original grantor would have no such interest therein as would support his right to demand a reconveyance. This is clearly apparent by reason of the provision in the statute that the one holding under the grant *must reconvey to the grantor or his successors.*

Defendant in error's title was derived through the warranty deed given by Pursel in 1894 to Richards & Baker, who

were Pursel's successors in title to this property. The trial court correctly held that Pursel's right of re-entry was an alienable right at the time of his conveyance by the warranty deed, and passed from him to defendant in error's predecessors in chain of title.

Judgment affirmed.

HURST, C.J., and OSBORN, WELCH, and ARNOLD, JJ., concur. RILEY, J., concurs in conclusion. GIBSON, J., dissents.