OKLAHOMA CITY v. WAINWRIGHT, Adm'r, et al.

No. 33189.     Sept. 28, 1948.

*197 P. 2d 956.*

A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, both of Oklahoma City, for plaintiff in error.

W. F. Kyle, W. K. Garnett, and Chas. H. Garnett, all of Oklahoma City, for defendant in error C. W. Wainwright, Adm'r.

LUTTRELL, J.   This is a proceeding in reverse condemnation, brought by C. W. Wainwright, administrator of the estate of Elizabeth Freeman, deceased, against the city of Oklahoma City.   Judgment was for plaintiff, and defendant Oklahoma City appeals.

Material facts are not in dispute.   On March 10, 1891, the townsite trustees of Oklahoma City deeded lot 17, block 8 of the original townsite to Elizabeth Freeman; on July 7, 1891, Elizabeth Freeman and her husband made a quitclaim deed conveying the south 40 feet of said lot to Choctaw Coal & Railway Company, the deed containing a provision that if the property should cease to be used for railway purposes, title thereto should revert to the grantor; on May 10, 1892, Elizabeth Freeman deeded the lot to a third party, but such deed was inoperative as to that part of the lot here involved.  Fuhr v. Oklahoma City, 194 Okla. 482, 153 P. 2d 115.   Elizabeth Freeman died June 10, 1893.  After receiving the quitclaim deed above mentioned from Elizabeth Freeman, the Railway Company constructed its railroad across the south 40 feet of the lot, and the same was used for railway purposes until December 4, 1930, at which time the Railway Company abandoned the land and surrendered possession to Oklahoma City.   On August 1, 1945, Wainwright was appointed administrator of Elizabeth Freeman's estate, and brought this action against the city for the value of the 40 feet so taken by the city.

The sole ground of reversal urged by the city on this appeal is that plaintiff, as administrator of the estate of Elizabeth Freeman, deceased, had no right or power to institute this action and to recover judgment against the city for the value of the land, but that said right was vested in her heirs.

At the time the case was briefed for the city, the opinion in Oklahoma City v. Wainwright, 199 Okla. 470, 187 P. 2d 226, had not been promulgated, and the brief of the city in the instant case calls attention to the fact that the above-cited case was pending in this court, and that it presents a proposition or question similar to the one presented here.

The facts in that case were very similar to the facts in the instant case, and the question here presented was extensively briefed and argued orally. We therein held that such an action could be successfully maintained by the administrator, and affirmed a judgment in his favor. The substance of the opinion, in so far as it passed upon the right of the administrator to maintain the action, is stated in the third syllabus as follows:

"The right of re-entry belonging to the grantor of a determinable fee upon condition subsequent is, after the happening of the condition, such an asset of his estate, after death, that his administrator may maintain an action for damages because of its appropriation for public purposes."

It follows that the judgment of the trial court in the instant case, holding that the administrator could maintain the action and recover judgment, was correct.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN and ARNOLD, JJ., concur. BAYLESS and GIBSON, JJ., dissent.

